JONES v. THE ST. LOUIS SOUTHWESTERN RAILWAY COM-
PANY, *Appellant.*

Division One, December 22, 1894.

1. **Common Carrier:** RAILROAD: NEGLIGENCE: FELLOW SERVANT.
A porter of a Pullman palace car whose duties are to wait on passen-
gers and collect the fares in such car, and who, by his contract with
the palace car company, and the contract between the latter and the
railroad company is subject to the rules and regulations of the rail-
road company is not a fellow servant of the engineer and conductor
operating the railway train, of which such car is a part, while merely
riding in the latter and looking after the welfare of the passengers
therein.

2. ———: ———: ———: ———. Such porter occupies the position
of a passenger in respect to the careful running and management of
the train.

3. ———: PASSENGER: CONTRIBUTORY NEGLIGENCE. A carrier of pas-
sengers can not stipulate against its own negligence.

4. ———: ———. PERSONAL INJURIES: VERDICT. A judgment of
$3,000 in favor of the porter of a palace car for the loss, caused by
defendant's negligence, of one eye and the impairment of the other,
with the necessary loss of time and expense incurred, is not excessive.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Sam. H. West* and *Lyne S. Metcalfe, Jr.*, for ap-
pellant.

(1) The plaintiff was at the time of the injury a
servant of the defendant. *First.* The general servant
of one person may, for a time or on a particular occa-
sion, become the servant of another by submitting him-
self, either expressly or impliedly, to the control and
direction of the other. *Morgan v. Smith*, 35 N. E. Rep.
(Mass.) 101; *Hasty v. Sears*, 31 N. E. Rep. (Mass.)
759; *Johnson v. Lindsay*, L. R. App. Cas. (1891) 371;
*Rourke v. Colliery Co.*, L. R. 2 C. P. Div. 205; *Mc-
Dowell v. Co.*, 28 N. Y. Supp. 821; *Wyllie v. Palmer,*

33 N. E. Rep. (N. Y.) 381; *Kimball v. Cushman*, 103 Mass. 194; *Brown v. Smith*, 86 Ga. 274; *Clapp v. Kemp*, 102 Mass. 481; *Murray v. Currie*, L. R. 6 C. P. Div. 24; *Railroad v. Jones*, 12 S. W. Rep. (Tex.) 972; *Perry v. Ford*, 17 Mo. App. 212; *Railroad v. Schneider*, 45 Ohio St. 678. *Second.* The relation of master and servant exists where the person sought to be charged as master either employed or controlled the servant, or had the right of control over him at the time the injury happened. *Co. v. Conlon*, 92 Mo. 221; Wood on Master and Servant, sec. 306. *Third.* The servants and porter of a Pullman car company engaged in their duties on one of their cars, forming part of a railway company's train, are the servants of the railway company. *Penn. Co. v. Ray*, 102 U. S. 451; *Williams v. Car Co.*, 40 La. Ann. 417; *Kinsley v. Railroad*, 125 Mass. 54; *Thorpe v. Railroad*, 76 N. Y. 402; *Dwinelle v. Railroad*, 120 N. Y. 117; *Railroad v. Walrath*, 38 Ohio St. 461; *Louisville v. Katzenberger*, 16 Lea, 380; 26 Amer. St. Rep. 334, note; 3 Wood on Railways, 1699, 1701. (2) The plaintiff and the engineer of the train were fellow servants of the defendant engaged in a common employment, working together under one common directing superior and in the same department of service, and the injury to plaintiff being caused by the negligence of engineer, plaintiff is not entitled to recover from defendant. *First.* The general servant of one person may, by working toward a common end along with the servants of another and submitting himself to the control and orders of that other, become *pro hac vice* the fellow servant of his servants, so as to disable him from recovering for injuries sustained through the negligence of the latter's servants. *Hasty v. Sears*, 31 N. E. Rep. (Mass.) 759; *Johnson v. Lindsay*, L. R. App. Cas. (1891) 371; *Wiggett v. Fox*, 11 Exch. 832; *Rourke v. Colliery Co.*, L. R. 2 C. P. Div. 205; *Killia v. Faxon*,

125 Mass. 485; *Ward v. Fibre Co.*, 154 Mass. 419; *Morgan v. Smith*, 35 N. E. Rep. 101; *Ewan v. Lippincott*, 47 N. J. L. 192; *Johnson v. Boston*, 118 Mass. 114; *Railroad v. Cox*, 21 Ill. 20. *Second.* Where there is any partnership arrangements between two masters (*e. g.* two railroad companies), wherein a servant is employed for the common business of both, the servants of either master will become fellow servants. McKinney on Fellow Servants, p. 46; *Railroad v. Schneider*, 45 Ohio St. 678; *Swainson v. Railroad*, L. R. 3 Exch. Div. 341. *Third.* The engineer of a railway train is the fellow servant of a trainman working on the same train. McKinney on Fellow Servants, sec. 129; Wood on Master and Servant, p. 861; *Higgins v. Railroad*, 104 Mo. 413. *Fourth.* Whenever the person injured, and he by whose negligent act the injury is occasioned are engaged in a common employment, working together under one common directing superior, and in the same department of service of the same master, no action will lie against the master, if he be innocent of any personal negligence. *Foster v. Railroad*, 21 S. W. Rep. (Mo.) 916; *Relyea v. Railroad*, 112 Mo. 86; *Murray v. Railroad*, 98 Mo. 573; *Railroad v. Harper*, 44 Ark. 524; *Bauer v. Railroad*, 46 Ark. 388; *Railroad v. Gaines*, 46 Ark. 555; *Railroad v. Rice*, 51 Ark. 467. (3) Plaintiff, being in the general employment of the Pullman palace car company, and in the special service of the defendant at the time of the injury, is barred from recovery against defendant by reason of his contract, entered into as a consideration of employment, whereby he released, acquitted and discharged defendant from all claims for liability of any nature or character whatsoever on account of any personal injury or death while traveling over its lines in said employment and service. *First.* A contract by which one, in consideration of employment as a Pull-

man car porter, releases the Pullman car company and also the transportation companies over which its cars operate from liability for injuries while engaged in said employment and service, is binding and will bar recovery from a transportation company for injuries caused by the negligence of the latter's servants, the transportation company itself not being guilty of any personal negligence. *Bates v. Railroad,* 34 Am. and Eng. R. R. Cases (Mass.), 355; *Griffith v. Earl of Derby,* 9 Q. B. Div. 357; *Blair v. Railroad,* 66 N. Y. 313; *Railroad v. Bishop,* 50 Ga. 461; *Galloway v. Railroad,* 57 Ga. 512. (4) The damages allowed by the referee, viz., $3,000, were excessive.

*Virgil Rule* and *Charles P. Johnson* for respondent.

(1) Plaintiff and the conductor and engineer were not fellow servants. Nor could plaintiff's agreement to obey the "rules and regulations" of defendant make them such. *Dixon v. Railroad,* 109 Mo. 425; *Parker v. Railroad,* 109 Mo. 362; *Sullivan v. Railroad,* 97 Mo. 113; *Schlereth v. Railroad,* 115 Mo. 87; *Railroad v. Carroll,* 6 Heisk., 347; *Baird v. Pettit,* 70 Pa. St. 477; *Pool v. Railroad,* 53 Wis. 657; *Garrahy v. Railroad,* 25 Fed. Rep. 258; *Hobson v. Railroad* 11 Pac. Rep. (Ariz.) 545; *Railroad v. O'Brien,* 1 Wash. St. 599; *Railroad v. Kelly,* 127 Ill. 637; *Howard v. Canal Co.,* 40 Fed. Rep. 195. (2) If plaintiff was injured by the negligence of both the conductor and engineer, if the engineer was a fellow servant and the conductor a vice-principal, defendant is still liable. McKinney on Fellow Servants, sec. 16; *Railroad v. Cummings,* 106 U. S. 700; *Booth v. Railroad,* 73 N. Y. 38; *Steller v. Railroad,* 46 Wis. 497; *Relyea v. Railroad,* 112 Mo. 94. (3) Servants of an employer and those of a subcontractor are not fellow servants. *Dixon v. Railroad,* 109 Mo. 424; McKinney on Fellow Servants, sec. 17;

*Coughtry v. Globe Co.*, 56 N. Y. 124; *Barrett v. Mfg. Co.*, 1 Sweeny, 545; *Delvan v. Smith*, 89 N. Y. 470; *Smith v. Railroad*, 19 N. Y. 127; *Hass v. Railroad*, 88 Pa. St. 269; *Cunningham v. Railroad*, 51 Tex. 503; *Riley v. Company*, 29 La. Ann. 791. (4) Plaintiff was a passenger on defendant's train, and entitled to the protection of defendant as such. *First.* Parties traveling on what is known as a "drover's pass," employed by the owners of the stock, the contract stipulating that such employee was an employee of the carrier also, and also stipulating that the railway company should not be liable for negligence of its servants. *Railroad v. Ivy*, 71 Tex. 409; Hutchinson on Carriers, sec. 555 "B;" *Railroad v. Henderson*, 51 Pa. St. 315; *Railroad v. Curran*, 19 Ohio St. 1; *Railroad v. Miles*, 40 Ark. 298; *Maslin v. Railroad*, 14 W. Va. 180; *Railroad v. Lockwood*, 17 Wall. 357; *Railroad v. Shelby*, 47 Ind. 471. *Second.* Employees of express companies, traveling in the express car under contract with the express company, attending to the express freight, being carried by the railroad. Hutchinson on Carriers, secs. 564, 565; *Brewer v. Railroad*, 124 N. Y. 59; *Keeney v. Railroad*, 125 N. Y. 422; *Fordyce v. Jackson*, 56 Ark. 597; *Yeoman's v. Navigation Co.*, 44 Cal. 79; *Jennings v. Railroad*, 15 Ont. App. 485. *Third.* Postal clerks and mail agents, traveling in the mail car, either by contract or without any special contract, but riding free attending to the United States mails. *Mellor v. Railroad*, 105 Mo. 460; *Magoffin v. Railroad*, 102 Mo. 540; Thompson on Carriers, p. 401; Hutchinson on Carriers, secs. 555 "B" and 563; Wood's Railway Law, 1043; *Railroad v. Wilson*, 79 Tex. 372; *Seybolt v. Railroad*, 95 N. Y. 563; *Blair v. Railroad*, 66 N. Y. 313; *Collatt v. Railroad*, 16 Ad. and El. (N. S.) 984; *Yeomans v. Navigation Co.*, 44 Cal. 79; *Hammond v. Railroad*, 6 S. Car. 170. *Fourth.* Others on railroad trains for vari-

ous purposes, riding on free passes, by contract or otherwise, but not regular passengers. *Railroad v. Stevens*, 95 U. S. 655; *Com. v. Railroad*, 108 Mass. 7; *Yeomans v. Navigation Co.*, 44 Cal. 71; *O'Donnell v. Railroad*, 59 Pa. St. 239; *Railroad v. Burns*, 51 N. J. L. 340; *Brown v. Sullivan*, 71 Tex. 477. (5) The defendant could not, by contract, exempt itself from liability for negligence, causing injury to persons lawfully upon its train. *Mellor v. Railroad*, 105 Mo. 460; *Tibby v. Railroad*, 82 Mo. 300; *Clark v. Railroad*, 64 Mo. 447; *Sturgeon v. Railroad*, 65 Mo. 569; *Graham v. Railroad*, 66 Mo. 536; *Carroll v. Railroad*, 88 Mo. 239; Bailey on Master's Liability to Servants, 476; Thompson on Carriers, 401; 2 Wood's Railway Law, 1043 ;. *Roesner v. Herman*, 8 Fed. Rep. 782; *Railroad v. Peavy*, 29 Kan. 173; *Railroad v. Spangle*, 44 Oh. St. 476.

MACFARLANE, J.—Action for personal injury on account of negligence. I adopt, in substance, the very fair and succinct statement of counsel for appellant.

"Plaintiff, at the time of the injury complained of, was in the general employment of the Pullman's Palace Car Company, as a car porter, by virtue of a contract between him and the said company, by which, among other things, it was stipulated that in consideration of said employment he undertook and bound himself 'to obey all rules and regulations of the transportation companies made for the government of their own employees over whose lines the said Pullman's Palace Car Company may operate while I am traveling over said lines in the employment and service of said Pullman's Palace Car Company; and in consideration of said employment and wages I hereby, for myself, my heirs, executors, administrators or legal representatives, forever release, acquit and discharge any and all such transportation companies from all

claims for liability of any nature or character whatso-
ever, on account of any personal injury or death to
me while traveling over such lines in said employment.'
There was also in force at the time of the injury to
plaintiff a contract between the Pullman's Palace Car
Company and the defendant, by the terms of which
the Pullman Company agreed to furnish sleeping and
parlor cars to be used by the railway company for the
transportation of passengers, said cars to be satisfac-
tory to, and accepted by, the railway company. The
Pullman company also agreed to furnish at its own
cost one or more employees upon each of its cars,
whose duty it should be to collect fares for the accom-
modations furnished in said cars, 'and generally to
wait upon passengers therein and provide for their
comfort.' It was also agreed between the Pullman
Company and defendant that the 'said employees of
the Pullman Company shall be governed by and be
subject to, the rules and regulations of the railway
company which are, or may be, adopted, from time
to time, for the government of its own employees.'

"On May 20, 1892, the defendant was engaged in
operating its road in the state of Arkansas and plain-
tiff was acting as porter of a Pullman car, which was
one of a train of passenger cars then operated on
defendant's railway in Arkansas. His duty was, at
that time, to look after the comfort and safety of such
of defendant's passengers as were traveling upon the
Pullman car. On said date a collision occurred near
the station of Humphreys, Arkansas, on defendant's
railway caused by the negligence of the conductor and
engineer of the train upon one of the cars of which
plaintiff was then acting as porter. The negligence of
the conductor and engineer consisted in their failure
to obey the orders given them by defendant's agent,
await and pass at that station a train on defendant's

road coming from the opposite direction, which negligence resulted in a collision of said trains whereby plaintiff, while engaged in his duties as porter, was injured. 'The referee finds that this injury was to one of his eyes, and was caused by pieces of glass, broken from a window in his car, striking his eye. The injury resulted in a total loss of one eye, and the use of the other was more or less impaired, although the referee does not find that the use of the other eye will be permanently impaired. Plaintiff has been in the hands of competent physicians while ˙being treated for his injury, and has incurred an expense therefor of $100. The referee awards him $3,000 as compensation, and · judgment was given for that amount.'' Defendant appealed.

I.   The first inquiry is whether plaintiff had such relation to the offending conductor and engineer as made him a coservant with them, within the rule which would exempt the defendant, as the common master, from liability. That plaintiff was, at the time of his injury, under the general employment of the Pullman Company, and that his services were paid for by it, is not disputed. Under the general rule these facts, without qualifications, would make him the servant of that company. If he was also a servant of defendant, he was so by virtue of the contract between his general employer and the defendant, which was acquiesced ·in by himself.

It is true, as ·the authorities cited by counsel for appellant ˙clearly demonstrate, that the relation of master and servant may exist, though the, latter ,is neither employed nor paid by the former. Thus it is said: ''The general servant of A may, for a time, or on a particular occasion, be the servant of B, and a person who is not under any paid contract of service may nevertheless have put himself under the

control of an employer to act in the capacity of servant. *Johnson v. Lindsay*, L. R. App. Cases (1891), 371; *Mound City, etc., Co. v. Conlon*, 92 Mo. 221.

This principle has been applied in cases in which the general master has, with the consent of his servants, hired them to another, giving the latter complete control and direction of them. *Rourke v. Colliery Co.*, 1 C. P. Div. 556; *Morgan v. Smith*, 35 N. E. Rep. 101; *Brown v. Smith*, 86 Ga. 274; *Wyllie v. Palmer*, 33 N. E. Rep. 381.

There can be no doubt, under the agreement between the defendant and the Pullman Company, that the principal duties of plaintiff pertained to the business of his general employer, the Pullman Company. As to all such duties, he was subject to its exclusive control and direction. The duties of the respective servants of the two companies were common only in respect to providing for the safety and comfort of the passengers of the defendant, or such of them as sought the special accommodation afforded by the Pullman Car Company. As to these matters the employees of that company in charge of its cars were in law the servants of defendant. "Their negligence, or the negligence of either of them, as to any matters involving the safety or security of passengers while being conveyed, was the negligence of the railroad company." *Pennsylvania Co. v. Roy*, 102 U. S. 457; *Railroad v. Walrath*, 38 Ohio St., 461; *Thorpe v. Railroad*, 76 N. Y. 402; *Dwinelle v. Railroad*, 120 N. Y. 122; *Railroad v. Katzenberger*, 16 Lea., 380; 3 Wood on Railroads (1894), p. 1701.

In these cases it was held that the employes in charge of Pullman cars are to be treated as the servants of the transportation company in all matters pertaining to the safety and security of the passenger, and such company will be liable for all damage to passen-

gers resulting from their negligence or misconduct. The relation of master and servant, and the liability of the master, is placed upon the law applicable to common carriers, though in direct contravention of contracts between the two companies. The law will not permit a carrier to evade its duties by means of a contract with a third party.

We do not think the relationship of master and servant, thus created by law and independent of contract, would necessarily constitute the servants of the two companies fellow servants within the rule *respondeat superior*, most certainly not, in respect of duties which were not common. The injury resulted from the negligent management of the train. There was nothing, either in the agreement of plaintiff or in the contract between the defendant and the Pullman Company, which required him to assist in running and managing the train, nor did his duties to the Pullman Company require it of him. Plaintiff and the negligent servants of defendant did not have a common employer, and the duties, a neglect of which caused the damage, were not common, and under neither the general rule nor any exception to it, can they be regarded as fellow servants, in the sense of relieving defendant of liability. Plaintiff can only be regarded as the servant of the Pullman Company, except in the performance of such duties as defendant had the right to direct and control, or of such as pertained to the safety and security of passengers. While merely riding in the Pullman car, and looking after the welfare of the passengers therein, he was in no sense a fellow servant of those operating the engine and train. There was neither a common employer, a common director, nor a common service.

II. Plaintiff was transported over defendant's road under a contract which was supported by a sufficient consideration, and he was entitled to the rights of

a passenger in respect of the careful running and management of the train. The rights of plaintiff and the obligations of defendant to him, under this contract, do not differ materially in these respects from those which are implied under contracts between a transportation company and the government by which the former agrees to carry the agents which have charge of the mails; or, under contracts with express companies to transport their agents who are in charge of their business; or with shippers of live stock to carry the persons in charge of the stock. Under these contracts the persons carried are uniformly held to be entitled to the protection of passengers. *Mellor v. Railroad,* 105 Mo. 460; *Graham v. Railroad,* 66 Mo. 536; *Tibby v. Railroad,* 82 Mo. 300; *Carroll v. Railroad,* 88 Mo. 239; Hutchinson on Carriers [2 Ed.], secs. 564, 565; *Kenney v. Railroad,* 125 N. Y. 422.

The agreement of the Pullman Company with defendant, that its "employees should be governed by, and subject to, the rules and regulations" of defendant, does not affect the principle involved, for the reason, if for no other, that the injury to plaintiff was not the result of the violation by him of any prescribed rules.

III. It is settled law in this state that a carrier can not, by contract, stipulate against its own negligence. It is said: "This rule, in its application to the carriage of passengers, has never been relaxed." *Tibby v. Railroad,* 82 Mo. *loc. cit.* 301, and cases cited; *Carroll v. Railroad, supra.*

IV. We can not say, as a matter of law, that a judgment for $3,000 for the total loss of one eye and the impairment of the other, with the necessary pain and suffering, loss of time, and expense incurred, is excessive. Finding no error, the judgment is affirmed. All concur.