CASE 60.—ACTION BY JOHN A. C. DAVIS AGAINST THE CHESAPEAKE & OHIO RY. CO., FOR DAMAGES FOR PERSONAL INJURIES.—March 29.

## Davis v. Chesapeake & Ohio Ry. Co.

Appeal from Greenup Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Carriers—Who were Passengers—Express Messengers—An express messenger, carried in a special car under a contract of the carrier with the express company for transportation of express matter, is a passenger for hire.
2. Same—Injuries to Passengers—Release of Liability—Validity —Under Const., section 196, and Code Va. 1887, section 1296, prohibiting carriers from contracting away their common-law liability, a Virginia contract, whereby an express messenger at the time of his employment released all claims against the express company or against the carrier for injuries he might receive, whether through negligence or otherwise, was void, so as not to affect his right to recover for injuries received in Kentucky.

DAVIS & MATTHEWS, for appellant.

SCOTT & DINKLE, D. C. T. DAVIS, of counsel.

## PROPOSITIONS AND CITATIONS OF AUTHORITY.

1. Division of subject under discussion.

2. Status of express messengers. (Elliott on Railroads, vol. 3, sec. 1248 and vol. 4, sec. 1578; New Orleans & R. Co. v. Douglass, 69 Miss. 723; 30 Am. St. Rep. 582; Cyclopedia of Law and Procedure, vol. 6, p. 642; Kentucky Central R. Co. v. Thomas, 79 Ky., 160; Fordyce v. Jackson, 56 Ark. 594, 20 S. W. Rep. 528; San Antonio, etc., R. Co. v. Adams, Ct. of Cir. App. of Texas, 24 S. W. Rep. 839; Savannah, etc., R. Co. v. Boyle, (Ga. 1902) 59 L. R. A., 104; Louisville, etc., R. Co. v. Bell, 100 Ky. 203; Louisville, etc., R. Co. v. Kingman, 18 Ky. Law Rep., 82).

3. Status of mail agents. (Louisville & C. R. Co. v. Kingman, 18 Ky. Law Rep., 82; N. & W. R. Co. v. Shott, 92 Virginia, 34; 22 S. E. Rep., 811. Placing mail agents and express messengers in same category. See: Cyclopedia of Law & Procedure, vol. 6, p. 542; Hutch. Car., secs. 563-4; Elliott on Railroads, vol. 4, sec. 1578).

4. Contracts limiting liability by common carriers. General law (a). (U. S. v. Ivans, Mo. Ass., 166 U. S., 288; Railroad Co. v. Lockwood, 17 Wall., 357; 3rd Thomp. Neg., sec. 3340; Johnsons Administratrix v. R. & D. R. Co., 86 Va., 975; N. & W. R. Co. v. Tanner, 100 Virginia, 379; Jones v. St. Louis, etc., R. Co., 125 Mo., 66; 46 Am. St. Rep., 574; Solan v. Chicago & C. R. Co. (Iowa), 28 L. R. A., 718; Gardner v. So. R. Co., Sup. Ct. of N. C., 1900; 37 S. E. Rep., 328; Central of Georgia R. Co. v. Lippman, 110 Ga., 665; 36 S. E. Rep., 202; Voight v. B. & O. R. Co., 79 Fed. Rep., 561; Louisville & C. R. Co., v. Bell, 180 Ky. Law Rep., 735; Rhodes v. L. & N. R. Co., 9 Bush (Ky.), 691; San Antonio, etc., R. Co. v. Adams (Tex.), 24 S. W. Rep. 837; Abrams v. Milwaukee, etc., R. Co. (Wis.), 41 Am. St. Rep., 55; Railroad Co. v. Dies (Tenn.), 30 Am. St. Rep., 871; Railroad Co. v. Sayers, 26 Gratt. (Va.), 328; Wharton Neg. sec. 641a; Elliott on Railroads, vol. 4, sec. 1497; Bishop Non-Contractual Law, sec. 1077; Cooley on Torts, 2nd Ed. p. 826; Hutch. Car. sec. 583; Clarke on Contracts, p. 409).

(b). Liability of common carriers in Kentucky. (Kentucky Constitution, sec. 196; Louisville & C. R. Co. v. Bell, 18 Ky. Law Rep., 735; 38 S. W. Rep. 3; Baughman v. L. & N. R. Co., 94 Ky., 150; Ohio & Miss. R. Co. v. Tabor, 98 Ky., 503; Louisville & C. R. Co. v. Owen, 93 Ky., 201; L. & N. R. Co. v. Frazee (Ky. Jan., 1903), 71 S. W. Rep., 37.)

Davis v. Chesapeake & Ohio Ry. Co.

Second:

1. Place of Contract.

2. Conflict of laws.    (Minor's Conflict of Law, secs. 167, 168, 171; Dicey's Conflict of Laws, 549; Wharton's Conflict of Laws, 401-418; Scudder v. National Bank, 106 S. W. 406, 411, 412, 413; Park Bros. & Co. v. Kelley Axe Manfg. Co., 1 C. C. A., 395; 49 Fed. 618, 627; Satterwaite v. Doughty, 59 Am. Dec. 554; Succession of Jesse Wilder, 2 Am. Rep., 724; Thompson Houston Electric Co. v. Houston, Minn., 53 N. W. Rep., 1137; Garretson v. North Atchison Bank, Cir. Ct. W. D. Mo., 47 Fed., 867; Campbell v. Crampton, 2 Fed. 417, in the Cir. Ct. N. D. of N. Y.; Fonseca v. Cunard Steam Ship Co., 153 Mass. 553; 25 Am. St. Rep. 660; Ohio R. Co. v. Tabor, 98 Ky., 503; Liverpool & G. W. Steam Ship Co. v. Phoenix Ins. Co., 129 U. S. 397; O'Regan v. Cunard S. S. Co., 160 Mass. 356; Dyke v. Erie R. Co., 45 N. Y. 113; Pittsburg, etc., R. Co. v. Bishop, 7 Ohio, C. Dec. 73; Mexican Nat. R. Co. v. Ware (Tex. Cir. App. 1900), 60 S. W. Rep. 343; 31 L. R. A. 276· Ford v. Ins. Co., 6 Bush (Ky.) 133; 99 A. M. Dec. 663).

3. Virginia law governing common carriers.    (Code of Virginia, sec. 1296; Johnson's Administratrix v. R. & D. R. Co., 86 Va., 975; N. & W. R. Co. v. Tanner, 100 Va., 319).

## ADDITIONAL AUTHORITIES.

1. Common and statute law of Virginia and the construction thereof:    (Johnson's Admrx. v. R. Co., 86 Va., 975; N. & W. Ry. Co. v. Tanner, 100 Va., 379; R. Co. v. Payne, 86 Va., 484; Code of Virginia, section 1296).

2. Interstate commerce.    (R. Co. v. Paterson Tobacco Co., 169 U. S., 313; R. Co. v. Solan, 169 U. S., 133; Hart v. R. Co., 69 Iowa, 485, 485; Com. v. Erie Ry. Co., 62 Pa. St., 286).

3. Police power.    (Gulf, etc., R. Co. v. Dwyer, 75 Texas, 572, 16 Am. St. Rep., 979; Smith v. Alabama, 124 U. S., 465).

WORTHINGTON & COCHRAN for appellee.

## POINTS AND AUTHORITIES.

1. The contract of an express messenger with the express company, by which he agrees to assume the risk of injury to him caused by the negligence of the railroad company which hauls the express car under a contract with the express company, by which it agreed to indemnify and release the railroad company from all liability for injuries to the express messenger, is

Davis v. Chesapeake & Ohio Ry. Co.

valid and binding on the messenger and bars an action by him against the railroad company for injury to him caused by the negligence of the railroad company's employees. (Baltimore & Ohio R. Co. v. Voigt, 176 U. S., 498; Louisville R. Co. v. Keefer, 146 Ind. 21; 58 Am. St. Rep., 348; Pittsburg Ry. Co. v. Mahoney, 148 Ind. 196; 62 Am. St. Rep., 503; Blank v. Ill. Central R. Co., 182 Ill., 332; Peterson v. Chicago Ry. Co., 96 N. W. Rep. (Wis.) 532; Hosmer v. Old Colony R. Co., 156 Mass., 506; Bates v. Old Colony R. Co., 147 Mass., 255). The ground upon which those cases rest is that a railroad company, in contracting to haul the goods and messenger of an express company, is not contracting as a common carrier, but as a private carrier.

2. A railroad company may contract against liability for its negligence when the contract does not relate to its duties as a common carrier. (Greenwich Ins. Co. v. L & N. R. Co., 112 Ky., 598).

3. Such a contract is not prohibited by section 196 of the Kentucky Constitution, nor by section 1296 of the Virginia Code, both of which refer only to contracts of a "common carrier,"

4. Where a court is asked to apply the law of a foreign state, the foreign law must be pleaded as a fact. If it is a statute, its terms must be set out, and if it is claimed that the courts of the foreign state have put a certain construction on it different from what the domestic court would put on it, that fact must be pleaded; otherwise the domestic court will itself construe the foreign statute. (Roots v. Meriweather, 8 Bush, 397; Temple v. Brittan, 12 S. W. Rep. 306; Ingraham v. Hart, 11 Ohio, 255; Smith v. Bartram, 11 Ohio State, 690; Angell v. Van Schaick, 132 N. Y. 187).

5. The Supreme Court of Virginia has not construed the Virgina statute as prohibiting a contract by an express messenger to assume the risk of the negilgence of the railroad company which hauls the express car in which he rides. (Norfolk & Western R. Co. v. Tanner, 100 Va., 319).

6. There is some conflict in the authorities as to whether a person traveling on a free pass under which he agrees to assume the risk of the negligence of the railroad company is bound by his agreement. The Virginia court held, in the Tanner case, that he was not, and the same doctrine was held Jacobus v. St. Paul R. Co., 20 Minn. 125. But the great weight of authority holds that the agreement is valid. (Boering v. Chesapeake Beach Ry. Co., 193 U. S., 442; Northern Pac. R. Co. v. Adams, 192 U. S., 440; Quimby v. Boston R. Co., 150 Mass., 365; Payne v. Terre Haute R. Co., 56 L. R. A. 472; Griswold v. New York R. Co., 53 Conn., 371; Rogers v. Kennebec Co., 86

Me., 261; Wells v. New York R. Co., 24 N. Y. 181; Kinney v. Central R. Co., 34 N. J. L., 513; Muldoon v. Seattle R. Co., 7 Wash., 528).

7. The status of a person traveling on a free pass is different in several important particulars from that of an express messenger under a contract such as here involved.

8. The distinction between the status of a postal clerk and an express messenger being hauled under a contract, is pointed out in B. & O. Co. v. Voigt, 176 U. S., 498. So also is the distinction between a person riding on a drover's pass and such an express messenger.

9. The weight of authority is that a Pullman porter riding under such a contract is bound by it. (Russell v. Pittsburg R. Co., 157 Ind. 305; Am. St. Rep., 214).

10. Circus employees being carried on a circus train under a contract exempting the railroad company from liability for negligence are bound thereby, and can maintain no suit against the railroad company therefor. (Coup v. Wabash R. Co., 56 Mich., 111; Robertson v. Old Colony R. Co., 156 Mass., 506; Chicago R. Co. v. Wallace, 66 Fed. Rep., 506).

11. An employee impliedly agrees to assume the risk of the negligence of a fellow servant. (B. & O. R. Co. v. Baugh, 149 U. S., 368; Volz v. C. & O. Ry. Co., 95 Ky., 188).

12. The doctrine of assumption of risk by a servant is based upon implied contract. (1 Labatt on Master and Servant, section 260).

13. If the implied contract of a servant to assume the risk of negligence is valid, it would seem that he could make an express contract to do so. (Western R. Co. v. Bishop, 50 Ga., 465; Fulton Bag Mills v. Wilson, 89 Ga., 318; Griffith v. Earl of Dudley, 9 Q. B. Div., 357).

14. The courts of a state where the common law prevails will expound the principles of the common law according to their own views as to what those principles are. (St. Nicholas Bank v. State Nat. Bank, 128 N. Y., 26).

15. This court is not bound to disregard its own ideas. as to what are the principles of the common law in deference to an obiter dictum of the Supreme Court of a foreign state.

16. Public policy requires that men of full age and competent understanding should have the utmost liberty of contracting consistent with the public welfare. (Printing and N. Registering Co. v. Sampson, L. R. A. 19 Eq., 465; B. & O. R. Co. v. Voigt, 176 U. S., 498).

OPINION OF THE COURT BY JUDGE PAYNTER—
Reversing.

The appellant, Davis, was employed by the Adams
Express Company as a messenger. Under a contract
which the Adams Express Company had with the
appellee, his duties required him to go upon appel-
lee's trains to look after packages and property which
it was transporting under its contract with the
express company. While on one of appellee's trains
in the discharge of his duties he was injured by the
alleged negligence and carelessness of appellee. The
principal defense relied on is a contract of release
which the Adams Express Company required the
appellant to execute upon entering its service. The
preamble of the contract recites that he had applied
to the express company for employment as a servant
at a fixed compensation; that his duties were to take
charge of goods which the express company trans-
ported upon cars and other conveyances of railroad
companies; that the railroad companies required of
the express company, as a condition of their per-
mitting messengers to travel upon their trains in
the performance of duties, that they should be
indemnified and released from all liability for and in
respect of any damage or injury which might be
sustained by him in the course of his employment,
whether the same be occasioned by the negligence
of the railroad company or otherwise. The contract
of release contains the following stipulations:
"Now, therefore, in consideration of such employ-
ment to be given by the said express company, and
the compensation to be paid therefor, and in
consideration of $1, lawful money of the United
States of America, paid by the Adams Express

Company to the undersigned, the receipt whereof is hereby acknowledged, the undersigned for himself, his heirs, executors, administrators, and assigns, hereby fully consents to and ratifies each and every bond or other instrument or contract of indemnity against such liability, and each and every release of said liability or other similar contracts executed and to be executed by the said express company to any railroad or other carrier, and the undersigned agrees to assume all risks of death or accident, or damage to him, or to his or any of his property, and does hereby release and discharge said Adams Express Company and any connecting carrier, railroad company, express company, or other company or person or connecting carrier in whose car or other conveyances he may travel in the performance of his duties as aforesaid, from any and all claims, liabilities, and demands of every kind, nature, and description, for or on account of his death or any injury or damage to his person or property of any kind or nature sustained by the undersigned, whether caused by the negligence of the said Adams Express Company, or any of the said railroad companies or other carriers or otherwise.'' The contract was executed in Virginia, and the injury of which he complains was received in Kentucky. The court below held that the contract was enforceable, hence appellant's right to recover was denied.

For the appellant it is urged that the contract is against public policy and is declared invalid both by the Code in Virginia and also by section 196 of the Constitution of Kentucky, for each denies the right of a common carrier to contract for relief from common-law liability. For the appellee it is insisted that the rule of public policy which renders invalid

stipulations by common carriers restricting their liability for loss occasioned by their negligence does not apply when they engage to do some thing which it is not under obligation as a common carrier to do, and that when it enters into a contract as a private carrier for hire, it may exempt itself, by contract, from liability for its negligence, or that of its servants or agents. While there is some conflict in the authorities on the question, we are of the opinion that the courts which hold that an express messenger though carried in a special car, under a contract with the express company for transportation of express matter, announce the correct doctrine in holding that they are passengers for hire. The sum which the express company pays the railroad company for conducting its express business, on its cars, over its line of railway is necessarily, in part, for the transportation of the express messenger. The express messenger is not a trespasser, because he is being transported by the railroad company under a contract and for the same reason he is not a licensee. He is an employee of the express company and not of the railroad company. If he is not a trespasser or a licensee, or an employee of the railroad company he must necessarily be a passenger. While the railroad company could not be compelled to enter into a contract by which it would receive into the express car the messenger of the express company and thus transport him, still when he does agree to, and does receive him on that car for transportation, though his business is to look after express matter, he is being transported for compensation, hence, as a passenger for hire. Fordyce v. Jackson, 56 Ark. 594, 20 S. W. 628, 597; Blair v. Railroad Co., 66 N. Y. 313,

23 Am. Rep. 55; Brewer v. Railroad Co., 124 N. Y. 59, 26 N. E. 324, 11 L. R. A. 483, 21 Am St. Rep. 647; Kenney v. Railroad Co., 125 N. Y. 422, 26 N. E. 626; Pennsylvania Co. v. Woodworth, 26 Ohio St. 585; Railroad Company. v. Thomas' Adm'r, 79 Ky. 169, 2 Ky. Law Rep. 114, 42 Am. Rep. 208; Jones v. Railway Co., 125 Mo. 666, 28 S. W. 883, 26 L. R. A. 718, 46 Am. St. Rep. 514; Yeomans v. Navigation Co., 44 Cal. 71; Railroad Co. v. Ketcham, 133 Ind. 346, 33 N. E. 116, 19 L. R. A. 339, 36 Am. St. Rep. 550; Chamberlain v. Railroad Co., 11 Wis. 238; Railroad Co. v. Wilson, 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345.

It is said in Hutchison on Carriers, section 564: "It seems that if the person who is injured by the negligence of the employees of the carrier, is lawfully upon its conveyance, under a contract which does not make him an employee or servant of the company, he will be entitled to the same care and diligence for his safety as one who is strictly a passenger. Thus where one was upon a train as an express messenger, carrying express freight, under contract with the company, by which he was entitled to be carried, without a distinct price for his pasasge, and was injured by the negligence of the company's agents in the management of the train, or in putting obstructions in its way, it was held that such messenger was entitled to the same care and circumspection on the part of the company and its agents in his carriage as if he had been traveling upon the train as a passenger, who had paid a distinct price for his transportation." In 3 Thompson on Negligence, section 2651, it is said: "In respect of the measure of duty which the carrier owes him and his right of recovery for an injury happening through

the negligence of the carrier's servants, an express messenger stands on the same footing as a U. S. postal clerk. He is on the carrier's vehicle lawfully, and for a consideration paid by the company, and his legal rights are therefore those of a passenger for hire.'' In section 1578, vol. 4, Elliot on Railroads, it is said: ''The courts have held the relation of carrier and passenger to exist in cases of mail agents, or postal clerks, and a similar rule is declared as to express messengers.''

In the case of Kentucky Central R. R. Co. v. Thomas' Adm'r, 79 Ky. 163, 2 Ky. Law Rep. 114, 42 Am. Rep. 208, the party killed by the railroad accident was an express messenger and the court in speaking of the relation he sustained to the railroad company said: ''That the intestate was a passenger and entitled to the privileges and subject to the duties incident to that relation, is not disputed.'' In the case of Louisville & Nashville R. R. Co. v. Kingman, 35 S. W. 264, 18 Ky. Law Rep. 82, this court held that a postal clerk carried by a railroad company, under its contract with the government, is to be treated as a passenger, as regards the liability of the company for injuries received by him while being thus carried.

Having concluded that an express messenger is a passenger for hire, the question remains: What effect has the contract in question upon his claim for damages resulting from the alleged negligence of the appellee? Section 1296 of the Virginia Code of 1887 reads as follows: ''No agreement made by a common carrier for exemption from liability, for injury or loss, occasioned by his own neglect or misconduct shall be valid.'' Section 196 of the Constitution of Kentucky reads as follows: ''No

common carrier shall be permitted to contract for
relief from its common law liability.'' Thus we
have a declaration from the State of Virginia, through
its Legislature, and the State of Kentucky, through
its organic law, as to their public policy with refer-
ence to the right of a comon carrier to contract for
relief from its acts of negligence. Under the Virginia
Code, a common carrier cannot contract for ex-
emption from liability for injury or loss occasioned
by its own negligence or misconduct. Neither under
the Virginia Code nor the Constitution of this State
is the contract in question enforceable, if it is an
effort upon the part of appellee to be relieved thereby
of liability, to a passenger for hire, who is alleged
to have been injured by its negligence, or that of
its agents or servants. Before the enactment of the
Virginia Code and the adoption of the constitutional
provision of this State, such a contract would not
have been valid at common law in either State. From
the nature of the busines of the Adams Express
Company and the duties to be performed by its mes-
sengers, and the fact that the appellee conducted an
interstate business, shows that the parties attempted
to relieve themselves from liability for negligent acts
whether they occurred in Virginia or Kentucky.

So the parties to the contract contemplated that it
should operate both in Virginia and Kentucky, and
in any other State through which the carrier ran and
express matter was carried. The alleged negligent
act was committed in Kentucky, therefore, the cause
of action arose in this State, and the appellee is
relying upon a contract that was to operate in Vir-
ginia as well as Kentucky, for relief against its
alleged negligent act. In the case of C. C. C. & St.
L. Ry. Co. v. Druien, 118 Ky. 237, 80 S. W. 781, 26

Ky. Law Rep. 108, 66 L. R. A. 275, the court had
under consideration the question as to the effect of
a contract made in another State and to be performed,
in part, in this State and which if made in this State
would have been against pubilc policy, and the court
said: "But as to that part of the contract that is to
be performed in Kentucky, it will be read in the light
of the laws and Constitution of this State, and be
construed and applied acordingly. It will be con-
clusively presumed that the parties so intended, and
that, therefore, the provision limiting the carrier's
common-law liability was not intended to apply to
that part of the shipment that was to be performed
here, for the court will not presume that the parties
intended either a vain, or illegal thing. That contracts
to be performed partly in two States will be construed
according to the laws of each of the States relating
to the portions to be performed there respectively,
is sustained in Bishop on Contracts, section 1394.
If shipper and carrier by entering into the contract
beyond this State, would incorporate binding pro-
visions in it, limiting the duties and liabilities of
carriers in this State, notwithstanding the prohibtion
of the Co'   'itution, it would be to put the bargains
of individuals above the organic laws and to sub-
stitute them to that public policy exercised by the
State for the best welfare of the whole people of an
organized society. This they ought not, and will not,
be permitted to do." Our conclusion is that the
contract is not only against the public policy of
Virginia, but also of Kentucky. If it were valid
under the Virginia Code, it would not be valid here,
because the cause of action arose in this State, and
the contract was intended to relieve the appellee from
its negligent act in Kentucky.

We will consider briefly the claim of appellee, that in contracting to haul the messenger and goods of the express company, it was not contracting as a common carrier, but as a private carrier. This position is sustained by the case of B. & O. R. R. Co. v. Voight, 176 U. S. 498, 20 Sup. Ct. 285, 44 L. Ed. 560, and the opinions of courts in some other jurisdictions. It may be true (but the question is not before us) that an express company could not compel railroad companies to provide an express car for the transportation of its messengers and packages, but having made the contract and proceeds to execute it by transporting the messenger and its packages, does not deprive it of its character as a common carrier. It carries the messenger and packages for hire. The railroad company is a common carrier by virtue of the business it conducts, and not by virtue of the responsibilities which may be placed upon it by law, or its contracts. The mere fact that it makes some special arrangement with some person or company for the transportation of persons, or property, over its line, in a particular way or under certain conditions, does not deprive it of its character as a common carrier, or convert it into a bailee for hire. The case of Greenwich Ins. Co. v. Louisville & Nashville R. R. Co., 112 Ky. 598, 23 Ky. Law Rep. 2014, 66 S. W. 411, 67 S. W. 16, 56 L. R. A. 477, 99 Am. St. Rep 313, is not in conflict with the conclusion we have reached. There, the contract under consideration was not for the transportation of passengers or goods, but was a contract by the railroad company giving its permission to the erection of a building upon its right of way, upon certain conditions, hence, the court held the contract was not made with reference to its business as a common

carrier. In the case of Railroad Co. v. Lockwood, 17 Wall. 359, 21 L. Ed. 27, the question arose as to the liability of the railroad company to a drover, who under a special arrangement rode upon a freight train to look after stock which was being carried thereon. The contract with the drover provided that the carrier was not to be liable to him for injuries resulting from its negligence, and the court said: "It is argued that a common carrier, by entering into a special contract with a party for carrying his goods or person on modified terms, drops his character, and becomes an ordinary bailee for hire, and therefore may make any contract he pleases; that is, he may make any contract whatever, because he is an ordinary bailee, and he is an ordinary bailee because he has made the contract. We are unable to see the soundness of this reasoning. It seems to us more accurate to say that common carriers are such by virtue of their occupation, not by virtue of the responsibilities under which they rest. Those responsibilities may vary in different countries, and at different times, without changing the character of the employment. The common law subjects the common carrier to insurance of the goods carried, except as against the act of God, or public enemies. The civil law excepts also losses by means of any superior force, and any inevitable accidents. Yet the employment is the same in both cases. And if by special agreemtn the carrier is exempted from still other responsibilities, it does not follow that his employment is changed, but only that his responsibilities are changed. The theory occasionaly announced that a special contract as to the terms and responsibilities of carriers, change the nature of the employment, is calculated to mislead. The responsibilities of a

comon carrier may be reduced to those of an ordinary bailee for hire, while the nature of his business renders him a common carrier still. Is there any good sense in holding that a railroad company, whose only business is to carry passengers and goods, and which was created and established for that purpose alone, is changed to a private carrier for hire by a mere contract with a customer, whereby the latter assumes risks of inevitable accidents in the carriage of his goods? Suppose that the contract relates to single crate of glass or crockery, while at the same time the carrier receives from the same person twenty other parcels, respecting which no such contract is made, is the company a public carrier as to the twenty parcels, and a private carrier as to the one? On this point there are several authorities which support our view, some of which are noted in the margin. A common carrier may, undoubtedly, become a private carrier, or a bailee for hire, when, as a matter of accommodation, or special engagement, he undertakes to carry some thing which it is not his business to carry. For example, if a carrier of produce, running a truck boat between New York City and Norfolk, should be requested to carry a keg of specie, or a load of expensive furniture, which he could justly refuse to take, such agreement might be made in reference to his taking and carrying the same as the parties chose to make, not involving any stipulation contrary to law or public policy. But when a carrier has a regular established business for carrying all of certain articles, and especially if that carrier be a corporation created for the purpose of the carrying trade, and the carriage of the articles is embraced within the scope of its chartered powers, it is a common carrier and a special contract about

its responsibilities does not divest it of the character."

The drover in this case could have compelled the railroad company to have accepted his fare and transported him on its passenger trains as a passenger, and the mere fact that it agreed to do so on a freight train, did not deprive him of his relation to the railroad as a passenger. The express messenger could have compelled the railroad company to have accepted fare and transported him upon a passenger train. The mere fact that it did so in the express car did not deprive him of his relation to the railroad company as a passenger entitled to all the relief which the law guaranteed him. In the case of B. & O. S. W. Ry. Co. v. Voight, the Supreme Court endeavored to distinguish that case from Railroad Co. v. Lockwood. In our opinion the reasoning in the Lockwood case applies with great force to the case under consideration. Several of the Supreme Courts of the States have taken the view of the law that we have herein expressed. In our opinion, the contract under consideration is against public policy, and not enforceable.

The judgment is reversed for proceedings consistent with this opinion.