## PRICE & Others *v.* PENNSYLVANIA RAILROAD COMPANY.

IN ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

Argued January 15, 1885.—Decided January 26, 1885.

A person travelling on a railroad in charge of mails, under the provision of § 4000 Rev. Stat., does not thereby acquire the rights of a passenger, in case he is injured on the railroad through negligence of the company's servants.

A statute of Pennsylvania, passed April 15, 1851, Purdon, Tit. Negligence 2, 1093, makes the provision, now become common, for a recovery by the widow or children of a person whose death was caused by the negligence of another, of damages for the loss of the deceased.

A statute passed April 4, 1868, Purdon, Tit. Negligence 5, 1094, provides that "where any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the road, works, depot and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of

action or recovery in all such cases against the company shall be such only as would exist if such person were an employé: *Provided*, That this section shall not apply to passengers."

The plaintiff in error sued the defendant in error for the loss of her husband by a death which the jury, by the following special verdict, found to be caused by the negligence of the company's servant or servants:

"We find for the plaintiff in the sum of ($5,000) five thousand dollars, subject to the opinion of the court on the question of law reserved, to wit: We find that A. J. Price at the time of his death was route agent of the United States Post Office Department, duly appointed and commissioned, his route being on the Western Pennsylvania Railroad from Allegheny City to Blairsville, in the State of Pennsylvania; that his duties as such agent required him to be on the mail car on the mail train of said road to receive and deliver mail matter; that for the purpose of his business and that of the postal department, and in accordance with the laws of the United States and the regulations of the Post Office Department, and acceptance thereof by the railroad company, one end of the baggage car on the mail train was divided off and fitted up for the use of the Department in carrying the mails, and that the duties of the said route agent required him to be in said room in the car during the running of the train; that said Price was daily on said train, making a round trip from Allegheny City to Blairsville and return; that on the 23d day of July, 1877, while at his post in his room on said car, Mr. Price was killed in a collision of the mail train coming west with another train of the defendant company going east.

"That said collision was caused by the negligence or misconduct of the conductor and engineer in charge of the train going east in neglecting or disobeying orders, and in failing to take necessary precaution to avoid a collision.

"We find that the Pennsylvania Railroad Company, by resolution dated April 16, 1868, accepted the provisions of the act of Assembly, approved 4th April, 1868, P. L. p. 59, and that [at the] time of the collision the Pa. R. R. Co. was operating the Western Pennsylvania Railroad under lease.

" If, under this finding of facts, and under the acts of Congress and acts of Assembly offered in evidence, and the postal regulations in evidence, the court should be of the opinion that the plaintiffs, as widow and children of deceased, are entitled to recover, then judgment to be entered on the verdict in favor of the plaintiffs.

" If the court should be of the opinion that the law is with the defendant, then judgment to be entered in favor of the defendant *non obstante veredicto*."

Upon this verdict the judge of the trial court held that the deceased was a person engaged in and about the train, within the meaning of the act of 1868, but that he was also within the *proviso* as a passenger, and gave judgment for plaintiff on the verdict. The judgment was reversed by the Supreme Court of Pennsylvania on the ground that the deceased was not a passenger within the meaning of the proviso, and a judgment was rendered for defendant (see 96 Penn. St. 256), to which this writ of error was prosecuted.

*Mr. Charles A. Ray, Mr. Edward A. Newman,* and *Mr. Thomas M. Bayne* for plaintiffs in error submitted on their brief.—When the act of 1865, 13 Stat. 504, was passed, authorizing the appointment of postal clerks to travel in charge of mails, it was well settled that such persons while discharging their duties were entitled to the rights of passengers. In England and New York it was so settled as to mail agents. *Callett* v. *London & Northwestern Railway,* 16 Q. B. 984; *Nolton* v. *Western Railroad,* 15 N. Y. 444. It was so settled as to the analogous case of a drover transporting stock. *Pennsylvania Railroad* v. *Henderson,* 51 Penn. St. 315. Being so settled the act of the legislature of Pennsylvania of 1868 should be so construed as not to deprive a Federal officer of this right, and thus impose upon him an additional hazard while discharging his duties. It is analogous to an attempt to tax his salary, which cannot be done. *Dobbins* v. *Erie County,* 16 Pet. 435. The proper construction is that the words, " *Provided* that this section shall not apply to passengers," is directed at existing facts and conditions. The elements necessary to fix the status

of a person with a railroad as a passenger were already settled. The statute declares that it shall not be construed so as to include such persons.

*Mr. John Dalzell* argued for defendant in error.

Mr. Justice Miller delivered the opinion of the court. He recited the facts as above stated, and continued:

The plaintiff argues here, and insisted throughout the progress of the case in the State courts, that by reason of certain laws of the United States as applied to the facts found in the verdict of the jury, the decedent was a passenger, and the Supreme Court erred in holding otherwise.

These laws are thus cited in the brief of plaintiff's counsel:

"Act March 3, 1865, § 8, 13 Stat. 506, provides that 'For the purpose of assorting and distributing letters and other matter in railway post offices, the Postmaster General may, from time to time, appoint clerks who shall be paid out of the appropriation for mail transportation.'

"§ 4000 Rev. Stat. requires that 'Every railway company carrying the mail shall carry on any train which may run over its road, and without extra charge therefor, all mailable matter directed to be carried thereon, with the person in charge of the same.'"

We do not think these provisions either aid or govern the construction of the proviso in the Pennsylvania statute.

The person thus to be carried with the mail matter, without extra charge, is no more a passenger because he is in charge of the mail, nor because no other compensation is made for his transportation, than if he had no such charge, nor does the fact that he is in the employment of the United States, and that defendant is bound by contract with the government to carry him, affect the question. It would be just the same if the company had contracted with any other person who had charge of freight on the train to carry him without additional compensation. The statutes of the United States which authorize this employment and direct this service do not, therefore, make the person so engaged a passenger, or deprive him of that charac-

ter, in construing the Pennsylvania statute. Nor does it give to persons so employed any *right*, as against the railroad company, which would not belong to any other person in a similar employment, by others than the United States.

We are, therefore, of opinion that no question of federal authority was involved in the judgment of the Supreme Court of Pennsylvania, and the writ of error is accordingly

*Dismissed.*