MAGOFFIN v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### DIVISION ONE.

1. **Practice:** AGREED STATEMENT OF FACTS : INSTRUCTION TO FIND FOR PLAINTIFF. Where an agreed statement of facts makes out a *prima facie* case for plaintiff, and the facts recited are unrebutted and undisputed, it is the duty of the court to direct the jury to find a verdict for the plaintiff.

2. **Negligence of Railroad:** POSTAL CLERK. A postal agent on a railroad train, by virtue of a contract with the United States government for the transportation of the mails and postal clerks, occupies a position as advantageous as that of a passenger, if not in fact one, in case of injury by the negligence of the company.

3. ———— : ————. Privity of contract between the postal agent and railroad is not essential to recovery by the widow in case of his death by the company's negligence.

4. ———— : ———— : DAMAGE ACT. The widow can in such case recover under the second section of the damage act. ( R. S. 1889, sec. 4425.)

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Adams & Buckner* for appellant.

The court erred in giving to the jury plaintiff's instruction directing it to find a verdict against the defendant for $5,000. *Higgins v. Railroad,* 36 Mo. 418 ; *Price v. Railroad,* 113 U. S. 218 ; *Same v. Railroad,* 69 Penn. St. 256 ; *Nolton v. Railroad,* 15 N. Y. 444 ; *Wells v. Railroad,* 24 N. Y. 181–184 ; *Railroad v. Melsack,* 41 Am. & Eng. R. R. Cases, 60 ; *Railroad v. Mitchell,* 11 Heiskell, 400 ; *Heazle v. Railroad,* 76 Ill. 501.

*Warner, Dean & Hagerman* for respondent.

(1) The plaintiff was entitled to recover $5,000 liquidated damages under section 4425, Revised Statutes of Missouri, 1889, popularly known as section 2 of the damage act. (2) The deceased was a person within the meaning of the foregoing section of the statutes. *Carroll v. Railroad*, 88 Mo. 241 ; *Sullivan v. Railroad*, 97 Mo. 113. (3) The deceased was a passenger within the meaning of the foregoing section of the statutes. *Collett v. Railroad*, 16 Q. B. 984 ; *Nolton v. Railroad*, 15 N. Y. 444 ; *Seybolt v. Railroad*, 95 N. Y. 562 ; *Hammond v. Railroad*, 6 S. Car. 130 ; s. c., 24 Am. Reports, 467 ; *Yeomans v. Nav. Co.*, 44 Cal. 71 ; *Com. v. Railroad*, 108 Mass. 7 ; *Blair v. Railroad*, 66 N. Y. 313 ; *Railroad v. Ivy*, 37 Am. & Eng. R. R. Cases (Texas) 46 ; *Lawson v. Railroad*, 21 Am. & Eng. R. R. Cases (Wis.) 249. (4) The collision itself, as a matter of law, was evidence from which negligence is presumed, and when proved, throws the burden on the defendant to rebut the presumption by proper proofs. *Arms v. Railroad*, 91 U. S. 489 ; *Dougherty v. Railroad*, 9 Mo. App. 478, where all the authorities were reviewed, and which case was affirmed and the opinion approved in 81 Mo. 325 ; *Stoker v. Saltonstall*, 13 Peters, 181 ; *Railroad v. Pollard*, 22 Wallace, 341 ; *Seybolt v. Railroad*, 95 N. Y. 562.

SHERWOOD, P. J.—Action for $5,000 damages for the death of plaintiff's husband, caused by a collision of two of the trains of the defendant.

The cause was tried on this stipulation :

"*First*. Elijah H. Magoffin, the husband of the plaintiff, was killed by a collision between two trains of cars of the defendant on the line of the defendant's railroad, between Greenwood, Jackson county, Missouri, and Pleasant Hill, Cass county, Missouri, on the morning of November 27, 1886.

" *Second*. At the time of the death of said Magoffin, he was in the employ of the United States of America,

as a postal clerk, and was in one of the mail cars attached to one of the trains of the defendant, and was *en route* from St. Louis, Missouri, to Kansas City, Missouri; and said passenger train and a certain other train belonging to the defendant, and running on its road, collided at the time and place aforesaid, and in the collision the said Elijah H. Magoffin was instantly killed. The said Elijah H. Magoffin paid no fare for his transportation, but was on the postal car as an employe of the postoffice department of the government of the United States, with which the defendant had a contract for the transportation of mails and postal clerks."

To further sustain the issues on her part, plaintiff testified substantially as follows: That she was thirty-seven years old; had been married to deceased fifteen years; had four children, the oldest fourteen and the youngest two years of age; that her husband, at the time of his death, was employed as a postal clerk by the United States government, and had been so employed over a year, and received a salary of $75 a month; that her husband left no fortune and all they had to depend upon was his salary; that there was no provision left her by her husband; that they had a few hundred dollars, but they had to depend on his (her husband's) salary for a living; that her husband was killed November 27, 1886.

This was all the testimony offered. Whereupon the plaintiff, by leave of court, dismissed as to the second count of the petition. Whereupon, at the instance of plaintiff, the court instructed the jury as follows:

"1. The court instructs the jury, that, under the undisputed evidence in the cause, the plaintiff is entitled to recover, and the verdict of the jury should be in her favor for $5,000."

The court refused instructions in the nature of a demurrer to the evidence, and looking to a recovery of

a less sum than $5,000. The jury found for the plaintiff in that sum, hence this appeal. The answer was simply a general denial.

The stipulation, already set forth, is sufficient in and of itself to shift the burden of proof from the shoulders of the plaintiff to those of the defendant, since the facts admitted therein made out a case of *prima facie* negligence on the part of the defendant; and, this being unrebutted and undisputed on the part of the latter, it was the duty of the court to direct the jury to find a verdict for the plaintiff; there was no other course left for the court to pursue. This position is supported both by reason and authority. And it is equally well settled that the deceased husband occupied as advantageous a position as a passenger, if he was not in fact one. He certainly was not an *intruder;* he was there by virtue of a contract made with the United States government for the transportation of the mails and postal clerks; and he was one of those clerks. The fact that the government had contracted for his transportation along with the mails, to take charge thereof, did not make him any the less a passenger nor diminish the duty which the defendant owed him to carry him safely. Privity of contract is non-essential in such cases.

The case of *Railroad v. Price*, 96 Pa. St. 256, is not at all analogous to the present one; for there a special statute controlled, a statute which excluded postal agents from the class designated as passengers. The same may be said of *Price v. Railroad*, 113 U. S. 218, where the same statute was involved.

Nor can it be doubted that plaintiff was entitled to a recovery of $5,000, for the death of her husband, under the provisions of section 2 of the damage act. *Carroll v. Railroad*, 88 Mo. 241; *Sullivan v. Railroad*, 97 Mo. 113.

The result is that we affirm the judgment. All concur.