Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Ketcham.

No. 16,055.

## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. KETCHAM.

RAILROAD.—*Mail Service.*—*Railway Postal Clerk.*—*Liability to for Injuries.*— *Photograph Commission.*—*Honored by Company to which it is not Addressed.* —*Effect.*—A railway postal clerk with a photograph commission, who is entitled to free transportation while along his line of duty, or going to or returning therefrom, is a passenger whose right to a passage is in the contract with the government to carry the mails and the person in charge of the same for a given consideration; and if such postal clerk, while so being carried, is injured by the negligence of the railway company, he has a right of action against said company for his damages sustained, and this is true of a company which becomes the owner of the line of railway after said commission has been issued, and which respects and honors the requests contained in said commission, as if made of them.

SAME.—*Accepting as a Passenger without Fare.*—*Liability to.*—A carrier is liable to persons whom it accepts as passengers, and of whom it demands no fare, to the same extent as it is liable to persons who pay fare.

SAME.—*Passenger.*—*Liberty of.*—*Liability of Company with Reference to any Car.*—The liability of a railway company to a passenger is the same, whether he be in one car or another, so he has a right to be there.

SAME.—*Railway Postal Clerk.*—*Extra Service when not on Regular Run.*—*Liability of Company to for Injuries.*—The fact that a postal clerk does extra work on a train, while not on his regular run, does not make him a trespasser, or render him any the less a passenger, or affect the liability of the company for damages sustained by reason of the company's negligence.

SAME.—*Railway Postal Clerk.*—*Right to be Carried.*—*Presumption as to.*—*Duty of Conductor.*—A postal clerk, whose commission has been honored by the railway company, has the right to presume that it will still be honored, and that he is entitled to a free pass on said line, and it is the conductor's duty to see that all persons on the train are rightfully there.

From the Marion Superior Court.

*J. T. Dye*, for appellant.

*W. A. Ketcham*, for appellee.

OLDS, J.—The appellee was a railway postal clerk and received injuries in a collision on the appellant's railroad,

and he brings this action to recover damages resulting from the injuries sustained, which are alleged to have occurred on account of the negligence of the appellant and its employes, and without fault on the part of the appellee.

There was a trial and a special verdict returned, and judgment on the verdict in favor of the appellee. As appears from the facts found in the special verdict, the appellee, at the time of receiving the alleged injuries, was a regularly appointed and acting railway postal clerk in the employment of the United States. At the time of his appointment, he received from the United States government a photograph commission appointing him a railway postal clerk, requesting the railway company to extend to him the facilities of free travel when on duty and when traveling to and from duty, and assigning him to duty between Chicago, Illinois, and Cincinnati, Ohio. His photograph was attached, and the commission contained directions to the appellee that if fare was charged to take receipt, and stated that the same was only good between Chicago, Illinois, and Cincinnati, Ohio. This commission was signed by the general superintendent of the railway mail service and by the postmaster-general of the United States; that appellee, at the time of his appointment, and on, up to and after the injury, resided at the city of Indianapolis, on the line of the appellant's railroad; that appellee, after his said appointment, was assigned to duty between Cincinnati and Chicago, the run beginning and terminating at Cincinnati; that, after appellee's appointment and before the alleged injury, by consolidation appellant became the owner of the whole line of road over which appellee traveled, between Cincinnati and Chicago; after the consolidation, no new photograph commission was issued, but at all times thereafter the appellant, its officers and conductors, recognized the request in the commission relating to transportation, as if

made to them specifically; that the appellant, in consideration of a payment to be made by the United States government to it for the furnishing of mail cars and carrying the mails, recognized and acceded to the requests contained in the photograph commission held by clerks running over the line of its railroad, and suffered and permitted all of the clerks holding such photograph commissions, when on duty and when returning from duty, to ride over the lines of their railroad, without exacting the payment of fare or the purchase of tickets, and, at all times, conceded and admitted the right of postal clerks holding such photograph commissions to ride over the lines of its said railroad, without demanding or exacting the payment of fare, or the presentation of tickets, or other evidences of their right to ride than said photograph commission, and suffered, permitted, recognized, and conceded the right of such clerks to ride either in the postal car or in the ordinary passenger coaches.

On the day previous to the alleged injury, appellee had finished his regular run, ending at Cincinnati, and on the following evening, July 18, 1889, he entered the car of the appellant at Cincinnati as a passenger for Indianapolis; that he entered the postal car, and being requested by the clerk in charge thereof to assist in handling the mail (the same being on that evening unusually heavy), acceded to said request, and remained in said postal car to assist in handling said mail, and did not enter or take passage in any of the passenger coaches of the appellant on said train, although he knew that such passenger coaches were attached thereto. Facts are found showing that a collision occurred through the negligence of the appellant and its servants, and, through no fault of the appellee, he was injured. It is further found that at the time of such collision the appellee, as such passenger, was in said postal car, as aforesaid, assisting in the handling of said mail, while returning to his home.

Appellant contends that, under the facts found, appellee was not a passenger at the time of the injury, and, therefore, can not recover. It is urged that the appellee was not a passenger for very many reasons; that he did not enter a car provided for the carriage of passengers; that he had not purchased a ticket; that he had not paid his fare; that he did not intend to pay his fare; that it does not appear that he had notified the conductor of his presence on the train, or that he was on the train with the knowledge or assent of the conductor; that there is no contract existing between the appellee and appellant for transportation upon which to base the right of action.

Section 4000, U. S. R. S., makes it the duty of railway companies carrying the mails to "carry on any train which may run over its road, and without extra charge therefor, all mailable matter directed to be carried thereon, with the person in charge of the same."

The findings of fact in this case take from the case all question in regard to compensation for the carrying of the appellee, for it is found, as a fact, that "in consideration of a payment to be made by the United States government to them for the furnishing of mail cars and carrying the mails [the appellant company], recognized and acceded to the requests contained in the photograph commissions held by clerks running over the line of their railroad, and suffered and permitted all the clerks holding such photograph commissions, when on duty and when returning from duty, to ride over their lines, without exacting the payment of fare," etc.

This finding is to the effect that, as a part of the contract for carrying the mails, and as a part consideration received for carrying the mails by the appellant, it was likewise to carry all mail clerks handling the mails, while on duty or returning from duty; so that, whether the appellee be regarded on duty or off duty, and returning home from duty, his fare was provided for and paid by the

United States government; and, certainly, the liability is the same whether the fare be paid by the passenger himself, or by some third person, or by the United States government, even if payment of fare was necessary to create a liability. But a carrier is liable to persons whom it accepts for transportation over its line, and from whom it demands no fare, to the same extent that it is liable to passengers who pay fare. Am. and Eng. Ency. of Law, vol. 2, p. 744, and authorities there cited.

Under the findings of facts and the United States statute, the appellee, we think, must be regarded as being upon the train as of right, without paying or offering to pay any fare. He was upon the train as an employe of the United States government, and, by a contract with the government, appellant was required to carry him, and received compensation for doing so. By a construction placed upon the contract with the government, and the photograph commission held by the appellee, by the appellant itself, it recognized the right of the appellee to ride upon the train exempt from the payment of fare, and he had a right to treat it in the same manner, and enter upon the train as he had theretofore been accustomed to do.

It may be pertinent to inquire what relation the appellee bore to the appellant, if not that of a passenger. Having, as we think, a lawful right upon the train, he certainly is not an intruder or a trespasser, and we think he certainly does not occupy the same relation as an employe of the appellant, to whom it would not be liable for an injury resulting from the negligence of a co-employe, and he certainly could not be held to be a co-employe with the employes running and operating the train. He is not employed by the appellant. It has no control over him, nor does he take any part in the business of the railway company. The company is under contract to carry both the mail and the mail agent who has charge of and

Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Ketcham.

handles the mail. He is employed and paid by the government. He is, in our opinion, a passenger having the same rights in relation to the recovery of damages for injuries sustained on account of the negligence of the railway company as any other passenger. The fact that he may ride in a postal car can make no difference with his right of recovery of damages for an injury sustained by reason of a collision resulting on account of the negligence of the railway company. The postal car, the smoking car, the ladies' car, and the parlor car, may all constitute one train. All are upon the train for the purpose of carrying passengers. The railway mail clerk, while on duty, necessarily rides in the postal car, for there his duty calls him. It is there he performs his labor. They are constructed purposely for work upon the railway. The mail clerks are as helpless, in so far as avoiding danger which is the result of the negligence of the railway employes, as are any other passengers. They have no more connection with or control over the movements of trains than has any other passenger.

It is suggested, on behalf of the appellant, that the danger is enhanced by riding in the postal car, and that, in this case, had the appellee been in the smoking car or other cars provided for passengers only, he would not have been injured. The suggestion, we think, can have but little force. It very often occurs, no doubt, that if one receiving an injury had been in another car than the one in which he was at the time of the collision, he would not have been injured, and *vice versa*. One pays extra for the privilege of riding in a palace car, and yet, having done so, if he choose to go out of it and for a time ride in the smoking car, and while there receives an injury resulting from the negligence of the railway company, the liability is the same as if he had received a like injury while in the palace car. The liability of a railway company to a passenger for damages resulting from negligence

of its employes is the same, whether he be in one car or another, so he has a lawful right to be in the car he occupies.

A complete and, we think, a legitimate answer to the proposition that the passenger would not have been injured had he been in another car than that in which he was riding at the time of the injury, is that he would not have been injured at all had it not been for the negligence of the railway employes, which caused the collision.

We regard it immaterial whether the appellee was or was not on duty at the time, but, under the facts found, we think, notwithstanding the appellee had finished his regular run and was returning home, he was in fact on duty and legitimately in the car for that purpose at the time the injury occurred.    It would be impossible for mail clerks to remain constantly on duty during their time of service.    They must have rest and sleep, and for the benefit of the service—to facilitate the transportation and distribution of mail matter—regular runs are provided for the mail clerks, sufficient time for rest intervening between each.    The fact that a clerk may be requested to, and does, perform extra duty on board a train does not make him a trespasser or render him any the less a passenger, while performing such extra labor, than if he were upon his regular run.    The fact that he may have availed himself of the opportunity for rest in returning to his home from Cincinnati, and have ridden in a car intended to be occupied by passengers only, did not exonerate the railway company from liability for injuries resulting solely from its negligence, because the appellee did not choose to avail himself of his privilege to rest while returning to his home.

The principal reason urged for a reversal of the judgment is that the appellee did not occupy the relation of passenger, and we are cited to the case of the *Pennsylvania R. R. Co.* v. *Price*, 96 Pa. St. 256, and *Bricker* v. *Philadelphia R. R. Co.*, 132 Pa. St. 1.    But these decisions are

based upon a statute of Pennsylvania placing mail agents upon the same footing as employes of the company. We think, independently of any statute, the current of authority is almost unanimously to the effect that mail agents are passengers and occupy the same relation to the company as any other passengers. In *Seybolt, Admx.,* v. *New York, etc., R. R. Co.,* 95 N. Y. 562, it is held that a railroad corporation owes the same degree of care to mail agents riding in postal cars, in charge of the mails, as they do to passengers.

In *Blair* v. *Erie R. W. Co.,* 66 N. Y. 313 (318), the court say: "Without an express exemption provided by contract, the defendant is liable for the consequences of its negligence, or that of its servants, to all persons traveling and carried upon its trains, as messengers or agents of the express company, to the same extent as to other passengers." In that case, by agreement, the express messenger was being carried free of charge. The party injured was not, at the time of the injury, a regular, acting messenger, but had formerly been, and on that day, at the request of the regular messenger, he took his place, and was acting as a messenger. As in this case, the appellee, at the request of the mail agent in charge of the postal car, was assisting him in the work upon the train, and was at the time a regular mail agent in the employ of the government.

In *Mellor* v. *Missouri Pacific R. R. Co.,* 10 Law. Rep. Ann. 36, the Supreme Court of Missouri held that a postal clerk in the service of the United States, and doing his duty in a mail car of a train, is a passenger. In that case the court say: "Plaintiff was riding upon defendant's train, by virtue of some contract or arrangement between defendant and the Federal government touching the carriage and care of the United States mail, was clearly established by the testimony. Defendant's conten-

tion that, in such a situation, he should be regarded as its servant, we consider too untenable for serious discussion. There was neither allegation nor proof on defendant's part that plaintiff was in its employ in any capacity, and certainly no such inference fairly arises from any of the facts in evidence. This being so, there is no foundation on which to predicate a defense that plaintiff's injury arose from any negligence of fellow-servants. The train operatives were clearly not such as to him. Defendant's duty to him, so far as concerned safe transportation, was as a passenger." *Baltimore, etc., R. R. Co.* v. *State, ex rel.,* (Md.) 6 Law. Rep. Ann. 706; *Gleeson* v. *Virginia Midland R. R. Co.,* 140 U. S. 435. The same rule was held by this court in *Ohio, etc., R. W. Co.* v. *Voight, Admr.,* 122 Ind. 288.

The appellee in this case was a passenger to whom the company owed the same duty as to any other passenger. He had the right to enter upon the train, as he was accustomed to do, and to be carried. If the appellant company had adopted a rule by which it was declining to honor the request in the commission for free transportation, and so notified the appellee, and demanded payment of fare, and he had refused to pay, a different question would be presented; but it is not claimed that any such thing was done. Having, therefore, continuously recognized his right to free transportation under its contract with the government, the appellee had the right to assume that he would be transported without payment of fare, and enter the car, as was his custom, without looking up the conductor and informing him that he was upon the train, and presenting his photograph commission. It was the duty of the conductor to look up the appellee, and demand of him to see his commission, or to demand the payment of fare, if the appellant company claimed fare for his transportation.

There is no error in the record. Judgment is affirmed.

Filed January 26, 1893.