# Southern Ry. Co. *v.* Harrington.

*Action for Damage for Injury to Passenger.*

(Decided Feb. 26, 1910. 52 South. 57.)

1. *Action; Corporation; Venue.*—Under section 6112, Code 1907, a corporation may be sued in a county in which the injury partially occurred.

2. *Same.*—Under section 6112, Code 1907, plaintiff may bring action for damages in the county in which the plaintiff resides when the suit is begun although plaintiff may not have resided there at the time the injury occurred.

3. *Carriers; Passengers; Relation; Railway Postal Clerks.*—Mail agents, postal clerks and express messengers are passengers on the train on which they are riding while at work, and may rely upon the legal duty of one undertaking to perform even a gratuituous service to exercise the care which the nature of the undertaking requires, although they cannot rely upon the contract between the carrier and the government to impose a liability on the carrier in their favor.

[Southern Railway Co. v. Harrington.]

4. *Same; Equipment.*—A railroad company is under duty to warm its cars for the safety and comfort of its passengers, and this duty extends to mail cars in which postal clerks ride and work, unless they make a contract exempting them from doing so.

5. *Same; Contributory Negligence.*—A passenger cannot recover for injury caused by illness from a failure to heat the coach if the passenger's contributory negligence proximately caused the injury, and a passenger's failure to protect himself from unnecessary cold or to provide sufficient clothing may or may not constitute contributory negligence according to the circumstance.

6. *Same.*—A postal clerk is required by an act of congress to remain in the mail car while on duty, and he is not prima facie guilty of contributory negligence precluding recovery for illness by remaining in the car knowing that it was so insufficiently heated as to be uncomfortable.

7. *Same; Proximate Cause.*—In determining the right to recover for personal injuries, the question is whether the damages were caused entirely by defendant's negligence, or whether plaintiff's negligence contributed to his injury in such way that except for his negligence, the injury would not have happened.

8. *Same; Pleading; Necessity.*—Contributory negligence must be pleaded, and hence, a railroad could not rely on the failure of a mail clerk to provide himself with sufficient clothing as contributing to his illness, for which damages were sought unless such contributory negligence was pleaded.

9. *Same; Evidence.*—Where the action was by a railroad postal clerk for damages resulting from illness alleged to have been caused by a failure to properly heat the car on which plaintiff was riding while at work, it is competent for the plaintiff to show his duties as postal clerk in the car and how long he was compelled to remain therein; also to show that the car was wet and damp as tending to show that it was uncomfortable; also to show that he complained to defendant of the unheated condition of the car, as tending to show actual notice.

10. *Same.*—Where the action was for damages resulting from illness to a postal clerk caused by a failure to properly heat the postal car, it was not competent to show that plaintiff was a chronic kicker.

11. *Same; Irrelevancy.*—Where it appeared that the express and mail cars are heated differently in some respects, though each contained steam pipes from the engines, and the evidence further tended to show that the mail car was cold while the express car was comfortable, evidence as to the temperature of the express car in the same train was irrelevant.

12. *Same; Other Actions.*—Where the action was for damage for illness occurring on three days in January, it was not competent for defendant to show that the plaintiff brought another suit against it for illness occurring thereafter in February.

13. *Charge of Court; Applicability to Evidence.*—Where the action was for damages for illness caused by failure to properly heat the car, and there was no evidence that the illness was caused by insufficient clothing, an instruction directing a verdict for the defend-

[Southern Railway Co. v. Harrington.]

ant if it was caused by insufficient clothing, was in applicable and properly refused.

APPEAL from Walker Circuit Court.

Heard before Hon. A. O. LANE.

Action by C. F. Harrington against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The pleadings and facts are sufficiently set out in the opinion of the court. The following charges were refused to the defendant: (1) "The court charges you that if you are reasonably satisfied from the evidence that plaintiff's injuries were proximately caused by inadequate clothing worn by plaintiff, to meet the demands of the season and climate, you must find for the defendant." Charges 9 and 10 were the affirmative charges as to the third and fourth counts. (11) "The court charges you that if you believe from the evidence that the cold condition of the car, as complained of by the plaintiff, was due to unusual cold weather, and that plaintiff made no complaint to those in charge of the train, and made no effort to remedy or have remedied the condition of the car, you must find for the defendant." (12) "If you are reasonably satisfied from the evidence that the mail car was equipped with stoves sufficient to properly warm the car, and that sufficient fuel was placed in the car, the court charges you that it was the duty of the plaintiff, for his own protection to start or cause to be started the fire in said stove."

BANKHEAD & BANKHEAD, for appellant. The court erred in sustaining demurrers to the plea in abatement. Sec. 6112, Code 1907. Counsel discuss demurrers to the complaint, but without citation of authority. Pleas 3, 4, 5, 6 and 7 set up contributory negligence in different ways but each show that plaintiff failed to make

complaint and failed to use appliances at hand which with slight trouble on his part would have saved the injury, and the court erred in sustaining demurrers thereto.—*Hastings v. Northern Pac.*, 53 Fed. 326. Pleas 2, 8 and 10 present assumption of risk, and the demurrers should have been overruled. The court erred in allowing testimony that it was the duty of plaintiff to get on his car an hour before leaving time.—*Page v. L. & N.*, 129 Ala. 232. Counsel discuss other assignments of error based upon the admission and rejection of evidence but without citation of authority. The court erred in refusing charge 1.—*Taylor v. Wabash*, 42 L. R. A. 110; *Turrentine v. R. & D.*, 92 N. C. 638. Counsel discuss other charges, but without citation of authority.

W. J. MARTIN, and JAMES A. MITCHELL, for appellee. Counsel discuss the pleas in abatement, but without citation of authority. They insist that the court properly overruled demurrers to the complaint, and cite: 140 U. S. 435; 23 App. D. C. 113; 10 L. R. A. 36; 19 L. R. A. 339. As to most of the pleas of contributory negligence it is sufficient to cite the duties imposed on postal clerks by the Federal Statute.—Section 5474, Fed. St. Ann.; Fed St. Ann. 924. Counsel discuss motion to dismiss the bill of exceptions not necessary to be here set oue. Counsel also discuss the assignments or error as to evidence, but without citation of authority. They further insist that the court did not err relative to charges given or refused, and cite *Taylor v. Wabash*, 42 L. R. A. 110; *Ala. C. C. & I. Co. v. Heald*, 45 South. 686.

MAYFIELD, J.—Appellee, a railway postal clerk, sues the defendant, railroad company, a carrier of the United States mail, for failure to properly heat or warm

the car in which the mails were carried, and in which his duties required him to work and remain while on duty, as such postal clerk, by reason of which failure, on the part of the defendant, he was unduly exposed to the cold and was thereby made sick, had his feet frost-bitten, contracted severe cold, bronchitis, etc. The defendant attempted to plead contributory negligence and assumption of risk as a defense to the action, together with the general issue. However, the defendant first interposed a plea in abatement, for that the wrongs and injuries complained of did not wholly occur within the county of Walker, in which the action was brought, that plaintiff did not reside in Walker county at the time of the injury, the run in which plaintiff was engaged being from Birmingham, Ala., to Greenville, Miss., and that a part of the wrongs and injuries complained of were committed and suffered, if at all, outside of Walker county, that of the venue. This plea was filed under section 6112 of the Code of 1907. A demurrer to this plea in abatement was sustained, which is the first assignment insisted upon as error.

The plea was open to the demurrer leveled against it. It is not required by the statute (Code 1907, § 6112) that the injury should have wholly occurred within the county in which suit is brought—partly therein is sufficient; nor is it necessary that plaintiff should have resided in the county at the time of the injury—at the time of bringing the suit is sufficient. The original complaint claimed damages in one count for wrongs and injuries suffered on three separate and distinct days, a demurrer being sustained to it for this reason. The complaint was amended by adding three counts, each claiming damages for the wrongs committed on one day only, though each count claimed as for a different day. Demurrers were interposed to the amended

complaint and were overruled, and the only material difference in the counts was that, as amended, each claimed as for a different day. Only the rulings as to the first count as amended are insisted upon as error, and only such will be treated.

In order to determine the sufficiency of this count, or of any other in the complaint, or the correctness of the ruling upon the demurrer thereto, it becomes neces- sary to first determine the relation of the parties, and their respective rights and duties, one to the other. It has been generally, if not uniformly, held that the rela- tion of carrier and passenger exists between railroads carrying United States mails, and the mail agents and postal clerks, and not that of master and servants. The same rule is declared as to express messengers.—Elliott on Railroads (1897 Ed.) § 1578; Hutchinson on Car- riers, § 1017 (63). These authorities hold that while postal clerks or mail agents cannot avail themselves of the contract between the railroad carrier and the gov- ernment, and make it a foundation for recovery, they can, however, rest upon the breach of the duty which the law imposes upon every person who undertakes to perform a service for another, whether gratuitously or not, to exercise the degree of care and skill in its per- formance which the nature of the undertaking requires; the obligation to carry, therefore, in such cases, may arise from duty as well as from contract.

It is indisputably the duty of railroads, as common carriers, to warm their cars for the comfort and safety of their passengers, and they are liable in damages for injuries suffered in consequence of failure to discharge such duty. The passenger, however, may, in such cases, be guilty of such contributory negligence as to cause the injury complained of, and if it is alleged and proven that such contributory negligence proximately caused

the injury complained of, on account of failure to heat the car, of course the passenger cannot recover. The failure of the passenger to protect himself from unnecessary cold, or to provide sufficient clothing, may or may not, be contributory negligence, depending upon the peculiar facts of each particular case.—*Taylor v. Wabash R. R. Co.* (Mo.), 38 S. W. 304, 42 L. R. A. 110, and note. The true rule is, as stated by Chief Justice Smith, in the case of *Turrentine v. R. & D. R. R. Co.,* 92 N. C. 641, in which he correctly quotes from an English case, " 'Whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune, by his own negligence or want of ordinary and common care and caution, that but for such negligence and want of ordinary care and caution on his part, the misfortune would not have happened. In the first place the plaintiff would be entitled to recover, in the latter not; as but for his own fault the misfortune would not have happened.' And in explanation of the proposition he adds: 'Mere negligence or want of ordinary care or caution would not, however, disentitle him to recover, unless it were such that but for that negligence or want of ordinary care and caution, the misfortune would not have happened; nor if the defendant might, by the exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff.' Wightman, J., in *Tuff v. Warman,* 94 Eng. Com. Law Rep. 573. The rule is thus so fully and definitely expressed as to require no further comments from us. The counterpart of this rule is declared in *Gunter v. Wicker,* 85 N. C. 310; *Owens v. Railroad,* 88 N. C. 502; *Farmer v. Railroad,* Ibid. 564, and in *Aycock v. Railroad,* 89 N. C. 321, that the defendant will be liable, notwithstanding previous negligence of the plain-

[Southern Railway Co. v. Harrington.]

tiff, if, when the injury was done, it might mave been averted by the exercise of reasonable care and prudence on the part of the defendant." This North Carolina case was a case on all fours with the one at bar, except that the acts of negligence, and contributory negligence, were somewhat different.

Postal clerks while on duty are not employes of the railroad carrier, and the railroad company may be liable to them for injuries caused by the negligence of its employes; they are entitled to the same degree of care as passengers, in the absence of an express agreement exempting the carrier from such liability; and the power to contract for carrying the mails, under the United States Revised Statutes, §§ 3997, 4007, has been held not to give the right to contract for such exemption.— *Seybolt's Case,* 95 N. Y. 562, 47 Am. Rep. 75; *Nolton's Case,* 15 N. Y. 444, 69 Am. Dec. 623; *Mellor's Case,* 105 Mo. 445, 16 S. W. 849, 10 L. R. A. 36; *Ketcham's Case,* 133 Ind. 346, 33 N. E. 116, 19 L. R. A. 339, 36 Am. St. Rep. 550, and note.

The relation of carrier and ·passenger being shown to have existed between the parties, we hold that count 1 of the complaint as amended, was, under our liberal rules of pleading, sufficient, and certainly not subject to the infirmities insisted upon by the appellant; that is, that the count did not show the duty to carry plaintiff and did not sufficiently show negligence to support the action.

As to the sufficiency of the pleas of contributory negligence and assumption of risk, to which demurrers were sustained, we find no reversible error.

It is true, as clamied by appellant, that it is common knowledge that postal clerks, with United States mail, are carried in separate cars and coaches and not with other passengers; that these cars are specially

equipped for the mail clerks and their particular work, and that passengers, as a rule, are not carried therein; but this does not, without a special contract, relieve the railroad company of the duty to, properly heat these cars, for the comfort and health of the clerks and agents of the United States, who, by contract and by law, are required to remain at their posts while on duty. They cannot like ordinary passengers, go to another car if theirs is uncomfortable, but must remain in it while on duty, under a penalty imposed by statute of Congress. —Fed. St. Ann. § 5474. In the absence of a special contract it is the duty of the railroad company to provide and maintain these cars, and to maintain and keep them safe and comfortable for these agents of the government. It is certainly not primarily the duty of the agents to heat, or to care for their cars otherwise than to protect the mails. Consequently, a postal clerk is not prima facie guilty of contributory negligence, nor does he assume the risk, by remaining in the car, and at his post of duty, after he knows of the uncomfortable condition of the car. He may, under certain conditions, be chargeable with the duty of notifying the proper agents or servants of the railroad company of the improper condition of the car, and of thus attempting to have it remedied, so as to alleviate the pain, suffering, or discomfort arising therefrom; but he is not guilty of contributory negligence or of assumption of risk by remaining in the car with knowledge of its condition, or by failing to warm or heat it himself. In the absence of contract, it is not his duty to heat it, but that of the railroad company; and it is also his duty to know, or at least to use due diligence to know, its condition, and to keep it reasonably safe and comfortable for the postal clerks and agents. None of these special pleas were sufficient as pleas of contributory negligence or as-

[Southern Railway Co. v. Harrington.]

sumption of risk, and the demurrers were properly sustained thereto. The pleas are treated by appellant, in bulk or in sections, and we will so treat them; but all were clearly insufficient.

There is nothing in appellees' contention that the bill of exceptions should be stricken. There is no motion to strike it; but, even if there were, the bill appears to have been signed within the time and in the manner required by law.

It was clearly competent for plaintiff to prove that the car was wet and damp; this certainly tended to show that the car would be thereby rendered cold and uncomfortable.

It was also competent and proper for plaintiff to testify as to his duties as postal clerk, when he had to enter the car, and how long he had to remain therein.

It was also proper to allow plaintiff to show that he made complaint, to defendant's agents, of the condition of the car to show that they had actual notice of its condition, and that it was the duty of such agents to heat the car.

The court properly limited the cross-examination as to the kind of bed plaintiff slept on in the car; there was no claim or contention that the car was cold, or that plaintiff suffered at that particular time. The court also properly declined to allow defendant to prove that plaintiff was a "chronic kicker." Any one might "kick" rather than have his "kickers' frostbitten.

We cannot say that there was reversible error in declining to allow the questions propounded to the express messenger, as to the temperature of the express car; it was not sufficiently shown that such evidence would be relevant. It was not shown that the two cars were heated in all respects alike, but, on the contrary, it was shown that they were in some respects heated differ-

ently and constructed differently. So far as the evidence did appear, one was warm and one was cold; and one might very easily be comfortable and the other not. While it was shown that each had heating pipes supplied with steam from the engine, they also had other means of heating, which were different. It was indisputably shown that these pipes in the mail car were not heating the car—that it was in fact very cold—and that they had been cold for a long time. The evidence could probably have been made relevant, but it was not.

The court properly declined to allow defendant to prove that plaintiff had brought another suit against the defendant, to recover damages for sickness which occurred after the date of the injuries complained of in this case, to wit, on the 24th of February. The dates of the injuries here sued for, being January 16th, 18th, and 20th, that issue could not and should not be litigated on this trial. It could neither prove nor disprove any material issue on this trial.

Charge 1 was properly refused. There was no issue of contributory negligence in that the injuries of plaintiff were proximately caused by his wearing insufficient clothing; nor do we think there was any proof tending to show that all his damages were the result of inadequate clothing. If defendant relied upon this as contributory negligence it should have set it up. The evidence having indisputably shown negligence of defendant, as alleged, this could not be a bar to the entire right of recovery unless specially pleaded. The question of adequate clothing was not litigated, and there was no evidence whatever to show that his clothing was not ample and sufficient, if the car had been properly heated.

Charges 9 and 10 were properly refused. There was no evidence to show that the action was barred by the

statute of limitations; the amendments clearly related back to the beginning of the suit, which was within a year from the date of the wrong complained of.

Charge 11 was improper, as has been heretofore stated as to the sufficiency of the pleas. There was no contributory negligence or assumption of risk on the part of the plaintiff in not quitting the car and his post of duty because the car was not heated.

Charge 12 was properly refused because it does not assert a correct proposition of law. There was shown no duty on the part of the plaintiff to heat the car; that was defendant's duty.

There being no error, the judgment of the trial court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.