## SCHUYLER et al. v. SOUTHERN PACIFIC COMPANY.

No. 2034. Decided July 6, 1910. Further Rehearing Denied, August 1, 1910 (109 Pac. 1025).

1. CARRIERS—INJURY TO PASSENGER—QUESTION FOR JURY. Where paintiff's decedent, an empoyee of defendant carrier, having a free pass, entered defendant's train, and was rceived as a passenger and permitted to ride, and there was no evidence that the employees of the train did not know that decedent was riding on a free pass or that they were deceived as to his status on the train, it was not error to fail to submit to the jury the question as to whether defendant's trainmen knew that decedent was riding on a free pass while not on duty. (Page 614.)

2. APPEAL AND ERROR—PRESENTATION OF QUESTIONS IN TRIAL COURT—CHANGE OF THEORY. Where appellant adopted a definite theory in the trial court as to the facts established by the evidence, he would not be permitted to change that theory on appeal and to assert that such facts were not established, and that he was entitled to a new trial. (Page 614.)

3. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT. While the appellate court will not pass on the weight of the evidence, it will not ignore self-evident conclusions from undisputed facts. (Page 615.)

4. REMOVAL OF CAUSES—GROUNDS FOR REMOVAL—CONSTRUCTION OF PLEADINGS. Where the Supreme Court construed the complaint in

an action against the carrier for the death of a passenger and held that it did not present a federal question under the Hepburn act (Act June 29, 1906, c. 3591, sec 1, par. 4, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1151]), as the complaint did not show on its face that deceased's, right to transportation was derived from the federal statute, or that his cause of action was based on such statute, a further remark by the court that under the allegations of the complaint it did not constitute a fatal variance under the state statute for plaintiff to prove that deceased was a gratuitous passenger at the time of the accident was. insufficient to negative the construction made by the court, and to introduce a federal question into the cause. (Page 615.)

Action by Mary R. Schuyler and others against the Southern Pacific Company.

On rehearing on appellant's application.

REHEARING DENIED.

For former opinion, see 37 Utah, 581.

FRICK, J.

The original opinion, as well as the one handed down on rehearing, is found in 37 Utah, 581, 109 Pac. 458-470. It will be seen by referring to the opinions there filed that in the second opinion we arrived at a result different from that arrived at in the first. In view of this appellant has filed a petition for a rehearing upon the second judgment in which it strenuously urges that the case should be remanded for a new trial. One of the points urged is that the question of whether the conductor in charge of appellant's train had knowledge that the deceased was traveling on his commission when he was not on duty was one of fact which was not, but should be, submitted to a jury. If there had been any evidence in the case to justify a finding that appellant's agents in charge of the train had no knowledge that the deceased was traveling on his commission when he was not on duty, and further that they accepted him as a passenger and permitted him to ride in the mail car on the commission only, in the belief that he was on duty and otherwise

would not have accepted him as a passenger or yielded their assent to his riding in the mail car on his commission, and further, had we held under the provisions of the Hepburn act that it was not lawful for the deceased to ride on his commision when he was not on duty, then there might be much force to appellant's position.

It, however, is clearly made to appear that the question of whether the deceased was on or off duty was not an element of, and did not enter into, the transaction. There is no evidence to justify a finding that had appellant's agents known that the deceased was not on duty, such fact in any particular would have influenced their action in permitting the deceased to ride in the mail car on his commission. There is nothing to show that the deceased deceived appellant's agents who were in charge of the train by pretending that he was or inducing them to believe that he was in the discharge of duties, or that he deceived them or practiced any fraud on them in any other particular. Upon the whole record it is apparent, and as stated in our last opinion, that the deceased on his commission tendered himself as a passenger to be carried in appellant's mail car, and upon that commission appellant's agents received and accepted him to be so carried, regardless of the question whether he was on duty or not. Moreover, we think that the stipulation referred to in the last opinion is also to that effect.

What appellant contended for in the court below was that neither the appellant nor its agents could lawfully permit deceased to ride on the commission when he was not on duty. That was appellant's position in the court below all through the case. From such position, nor from the undisputed facts, nor from the unavoidable inferences to be deduced therefrom, can either we or a jury relieve the appellant. The rule announced in *Wilkinson v. O. S. L. R. Co.*, 35 Utah, 110, 99 Pac. 471, by us applies here. We there said: "While we have no disposition to pass upon the weight of the evidence, and disclaim any right to do so, we nevertheless may not ignore self-evident conclusions

arising from undisputed facts." Under such circumstances, as in effect held in that case, a jury could at most excuse that which the law did not sanction. It seems palpable to us that in permitting the deceased to enter and ride upon appellant's train, whether he was there in one rather than another capacity, did not enter the minds of those who were in charge of it. If appellant, therefore, be now permitted to say that that question should enter into the consideration of the case, it would be tantamount to permitting a fact to be shown in excuse of its legal liability, which fact did not exist at the time of the transaction, and hence, in legal effect, would amount to permitting the case to be ruled or controlled by an immaterial issue. No one will seriously dispute that whether a certain fact is material or immaterial in view of all the circumstances and the other facts found or admitted in the case is purely a question of law. In any view, therefore, the conclusion reached in the last opinion handed down, and which is now assailed, is right and should prevail.

Counsel, however, likewise insist that because we held in the last opinion that the deceased did not come within the Hepburn act (Act June 29, 1906, chap. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1151]) therefore a federal question was involved; that this question now arises for the first time by reason of the fact that we have held that under the allegations of the complaint the respondents can recover upon the theory that the deceased was on the train as a gratuitous passenger. We considered the case from several view points. In one of them we undoubtedly construed and gave effect to a federal statute. However, from another view point the final result reached by us in the case was wholly independent of the federal statute. Cases sometimes arise in which state courts, during the course of the trial or proceeding, are required to deny certain rights claimed under a federal statute. When such a condition arises, a case, under peculiar circumstances, may be taken on a writ of error from a state court of last resort to the Supreme Court of the United States. Mr. Chief Justice Straup, in the first opin-

ion, clearly and correctly stated under what circumstances and conditions a case may be removed from a state to a federal court for trial. We repeat here that unless it be made to appear from the initial pleading filed by the plaintiff in an action that the case is one that may be removed to a federal court, it cannot be removed, notwithstanding that during the course of the trial or proceeding a federal question may arise for which a removal might have been had if it had appeared from the initial pleading and timely application for removal had been made. (Moon on the Removal of Causes, sec. 101.)

Nor is counsel's claim permissible that a federal question is now presented upon the face of the complaint because of the construction we gave to some of the allegations therein contained. What was said in that regard simply amounted to this: That under the allegations of the **4** complaint it did not constitute a material, hence not a fatal, variance under our statute, for respondent to prove that the deceased was a gratuitous passenger on appellant's train at the time of and preceding the accident. That such a ruling could change the complaint from one upon the face of which no removable question was presented to one where such a question was apparent is inconceivable to us.

We have given this case most thorough and painstaking attention. We are thoroughly convinced that the conclusions reached in the last opinion, in view of the undisputed facts, are in harmony with law, reason, and justice.

No reasons being shown in the last application for a rehearing why that judgment should not stand, the application for a rehearing is denied.

STRAUP, C. J., and McCARTY, J., concur.