## LUSK et al. v. WILKES.

No. 8265—Opinion Filed Jan. 9, 1917.

Rehearing Denied May 21, 1918.

(172 Pac. 929.)

**1. Carriers—"Passengers"—Postal Clerks.**

Postal clerks, while on duty in charge of mail in the course of transportation, are

passengers for reward, and the carrier owes them the same duty as it does its other passengers.

## 2. Same—Passengers—Care Required.

A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.

## 3. Negligence — "Actionable Negligence" — Elements.

In every case involving actionable negligence, there are necessary three elements: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff, proximately caused from such failure of the defendant.

## 4. Carriers—Transfer of Passengers—Injury to Postal Clerk—Liability—"Actionable Negligence."

Where a transfer is made necessary by reason of a wreck and delay occasioned thereby, and the carrier pending such transfer provides for the use of its passengers suitable coaches properly heated, open for their use, in which they might take refuge at all times, it has performed its full duty. And where the fact is the employment of a passenger as a railway mail clerk prevents him from occupying such coaches, but requires that he remain outside in charge of the mail, and he thereby contracts an illness, the failure of the carrier to provide him shelter and warmth at the place where such mail is transferred, other than the coaches referred to, does not constitute actionable negligence.

(Syllabus by Edwards, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by M. D. Wilkes against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad. Judgment for plaintiff, and defendants bring error. Reversed.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiffs in error.

J. A. L. Wolfe, J. H. Woods, and Wimbish & Duncan, for defendant in error.

Opinion by EDWARDS, C. The defendant in error will be referred to as plaintiff, and the plaintiffs in error as defendants, according to their position in the lower court.

This action was instituted by the plaintiff in the district court upon a petition setting out two causes of action. In the first cause of action it is alleged that the plaintiff was, at the time of the injury sued for, in the employ of the United States government as a railway mail clerk, and was engaged in the performance of his duties as such, on a train operated between the cities of Denison, Tex., and Sapulpa, Okla.; that on the 23d day of December, 1913, said train was stopped by a wreck that blocked the track, and the conductor of the train upon which plaintiff was at work ordered the mail taken out of the mail car and carried to a point beyond the wreck, to be loaded upon another train, and it was necessary, under the postal regulations, that plaintiff remain with and watch such mail; no train was provided on the further side of said wreck for more than three hours after said mail was so placed; that it was bitterly cold, and plaintiff complained to defendants' superintendent in charge, and asked to have a fire built, which the superintendent agreed to have done, but, which not being done, plaintiff requested the said superintendent to put the mail on a work train and have same carried to the next station north, which request was refused; that plaintiff was insufficiently clad, and as a consequence contracted a severe cold, with incipient pneumonia; that his feet were frost bitten, and he was confined to his bed for a period of two weeks, and was unable to perform his duties as mail clerk for about two months. The second cause of action is for injuries alleged to have been sustained at a later period, and upon the issue raised on this cause of action the verdict of the jury was in favor of the defendants, and the same is not involved in this appeal.

The answer of the defendants is, first, a general denial, and, second, a plea of contributory negligence. The case was tried to a jury, and a verdict returned in favor of the plaintiff upon the first cause of action, and in favor of the defendants upon the second cause of action. From the judgment in favor of the plaintiff, the defendants have appealed to this court.

The evidence discloses that at Scullin, the last depot south of the wreck, a distance of about two miles, there was a depot for the accommodation of passengers. At this point also was cut out the regular passenger coaches, that the passengers might remain therein in comfort while the transfer at the wreck was being carried out; it being the purpose not to transport the passengers to the scene of the wreck until the train from the north to which the transfer was to be made should arrive ready to proceed on the way to Sapulpa. After the mail was unloaded from the mail car at the scene of the wreck, that car also was returned to Scullin. On the north side of the wreck was a work

train, consisting of three or four cars, among which was a caboose and a dining car. This work train was near the spot where the mail was deposited to await the train from the north, and was open to the plaintiff, and he was invited to occupy same, and did in fact occupy it for some 20 minutes before the train from the north finally arrived. There was nothing to prevent the plaintiff from remaining in the regular passenger coaches at Scullin, nor from returning to that point from the scene of the wreck in the mail car, when it was returned there, nor from occupying the caboose of the work train during the delay, except the duty owed by him to his employer, the government, of watching the mail while waiting for the transfer to be completed.

Several assignments of error are argued as grounds for reversal, but the determination of the second assignment will, in our judgment, dispose of the case. This assignment relates to the action af the trial court in overruling defendants' demurrer to plaintiff's evidence and in overruling defendants' motion for a peremptory instruction. Under this assignment it is necessary that this court determine whether or not a carrier of passengers is liable to a railway mail clerk while being transported upon its line, in the discharge of his duties as such mail clerk, for injuries arising from exposure in guarding the mail during a transfer at a point other than the regular transfer point, made necessary by a wreck upon the line of the carrier. It has often been held and is conceded that the relation of carrier and passenger for reward exists between a railroad company and a railway mail clerk while such clerk is in charge of the mail in course of transportation, and that the carrier is liable in case of injury due to collision, derailment, defective conditions of track or appliances, or through negligent operation, in which cases a mail clerk would have the same right to recover as any other passenger. Southern Ry. Co. v. Harrington, 166 Ala. 630, 52 South. 57, 139 Am. St. Rep. 59; Arrowsmith v. N. & D. R. Co. (C. C.) 57 Fed. 165; Gleeson v. Va. Midland R. Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458; C., C., C. & St. L. R. Co. v. Ketcham, 133 Ind. 346, 33 N. E. 116, 19 L. R. A. 339, 36 Am. St. Rep. 550; O. & M. R. Co. v. Voight, 122 Ind. 288, 23 N. E. 774; McGoffin v. M. P. R. Co., 102 Mo. 540, 15 S. W. 76; Mellor v. M. P. R. Co., 105 Mo. 455, 16 S. W. 849, 10 L. R. A. 36; Nolton v. Western R. Corp., 15 N. Y. 444, 69 Am. Dec. 623; H. & T. C. Ry. Co. v. Hampton, 64 Tex. 427; G., C. & S. F. Ry. Co. v. Wilson, 79 Tex. 371, 15 S. W. 280. 11

L. R. A. 486, 23 Am. St. Rep. 345; Hammond v. N. E. R. Co., 6 S. C. 130, 24 Am. Rep. 467; I. & G. N. Ry. Co. v. Davis, 17 Tex. Civ. App. 340, 43 S. W. 540; Lendsey v. P. Ry. Co. 26 App. D. C. 125, 3 L. R. A. (N. S.) 218; W. & O. D. Ry. Co. v. Carter, 117 Va. 424, 85 S. E. 484; Webber v. C., R I. & P. Ry. Co., 175 Iowa, 358, 151 N. W. 852, L. R. A. 1918A, 626; Farmer v. St., L., I. M. & S. Ry. Co., 178 Mo. App. 579. 161 S. W. 327; Lasater v. St. L., I. M. & S. Ry. Co., 177 Mo. App, 534, 160 S. W. 818; Barker v. C. P. & St. L. Ry. Co., 243 Ill. 482, 90 N. E. 1057, 26 L. R. A. (N. S.) 1058, 134 Am. St. Rep. 382; Schuyler v. S. P. Co., 37 Utah, 612, 109 Pac. 1025; Hoskins v. N. P. Ry. Co., 39 Mont. 394, 102 Pac. 988. The case of M., K. & T. Ry. Co. v. West, 38 Okla. 581, 134 Pac. 655, while being a case involving an express messenger instead of a mail clerk, is analogous. But no case seems to have been decided upon the precise point here involved, and both plaintiff and defendants admit that this particular question may be regarded as one of first impression. The theory of the plaintiff is that the mail was in the course of transportation while being transferred around the wreck, and while awaiting reloading at the scene of the wreck, as much as while upon the car of the defendants, and that the plaintiff did not lose his status as passenger while in charge of the mail during such transfer, and that it was the duty of the defendants to provide for the comfort and safety of the plaintiff in the course of such transfer. The theory of the defendants is that the duty devolving upon the defendants was to furnish proper appliances and equipment for the transfer of the mail, properly warmed for the comfort of the persons in charge, and that there was no duty to furnish the plaintiff shelter and fire while engaged in guarding or watching the mail pending a transfer, apart from that furnished other passengers; that the liability of the carrier to the mail clerk is limited to cases of personal injury attributable to negligence in the operation of trains, and does not extend to mere contractual duties ordinarily owing by a carrier to its passengers for hire.

It has been held and is settled law that a passenger does not lose his status as such while transferring from one car to another. Watson v. Oxanna Land Co., 92 Ala. 320, 8 South. 770; Chicago, etc., R. Co. v. Winters, 175 Ill. 293, 51 N. E. 901; Baltimore, etc., R. Co. v. State, 60 Md. 449; St. L. S. W. R. Co. v. Griffith, 12 Tex. Civ. App. 631, 35 S. W. 741.

The difficulty, however, in applying the principle announced in the cases just cit-

ed to the position of plaintiff in this case is evident; since in the cases just cited there was no duty devolving upon the passenger requiring the exposure or contributing to the injury sustained. In the case at bar, however, the exposure and wait in the cold was not occasioned by the fact that the plaintiff was a passenger and conveniences for his comfort were not provided, but was made necessary in the discharge of a duty owed by the plaintiff to his employer to guard the mail in the course of transfer. In the case of Price v. Pennsylvania R. R. Co., 113 U. S. 218, 5 Sup. Ct. 427, 28 L. Ed. 980, the court says:

"The person thus to be carried with the mail matter, without extra charge, is no more a passenger because he is in charge of the mail, nor because no other compensation is made for his transportation, than if he had no such charge, nor does the fact that he is in the employment of the United States, and that defendant is bound by contract with the government to carry him, affect the question. It would be just the same if the company had contracted with any other person who had charge of freight on the train to carry him without additional compensation. The statutes of the United States which authorize this employment and direct this service do not, therefore, make a person so engaged a passenger, or deprive him of that character, in construing the Pennsylvania statute."

See, also, Martin v. P. & L. E. R. Co., 203 U. S. 284, 27 Sup. Ct. 100, 51 L. Ed. 184, 8 Ann. Cas. 87.

It has often been held that to constitute actionable negligence there must be a concurrence of three essential elements: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff proximately due to the failure of the defendant. Faurot v. Oklahoma Wholesale Gro. Co., 21 Okla. 104, 95 Pac. 463, 17 L. R. A. (N. S.) 136; Rogers v. C., R. I. & P. Ry. Co., 32 Okla. 109, 120 Pac. 1093.

Here the defendants undoubtedly owed the plaintiff the duty of exercising the utmost care and diligence for his safe carriage and to provide everything necessary for that purpose. Section 800, Rev. Laws 1910. Unless there was a failure on the part of the defendants to perform that duty, and from such failure the plaintiff sustained the injury complained of, no cause of action exists. If there was a failure, and he sustained injury thereby, he may recover. The only complaint is that a fire was not provided for the plaintiff at the scene of the wreck, so plaintiff might watch the mail without retiring to the coaches provided, and that the failure to provide a fire is negligence entitling the plaintiff to recover damage. The duty owed by the plaintiff to his employer to watch the mail was disassociated from his status as passenger; it was something not required by the defendants and over which they had no control. It is true that they had control of the mail in moving the same from the car in which it was transported at the scene of the wreck to the place where it was to be loaded upon another car, and until the same was so loaded; but the action of the plaintiff in remaining out of the coaches provided by the defendants, to watch the mail, was a matter of contract between him and the government, and if in so doing he exposed himself and sustained injury without fault on the part of the defendants they are not liable therefor. It was the duty the plaintiff owed his employer, the government, which prevented him from taking advantage of the accommodations provided, and required him to guard the mail and thereby expose himself. This exposure we think cannot be attributed to any negligence on the part of the carrier or failure on its part to provide those things necessary to fulfill its obligations toward the plaintiff as a passenger.

It follows that the demurrer of the defendants to plaintiff's evidence should have been sustained.

The judgment is therefore reversed.

By the Court: It is so ordered.